COOLEY GODWARD KRONISH LLP
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 560-6000
Facsimile:      (858) 560-6420

CRAIG C. DANIEL (212588)
(ccdaniel@cooley.com)
ALEX C. SEARS (232491)
(asears@cooley.com)
101 California St., Fifth Floor
San Francisco, CA 94111
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
LNT MERCHANDISING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTRIO INTERNATIONAL, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LNT MERCHANDISING COMPANY, LLC, dba LINENS N' THINGS, INC., UNITED PARCEL SERVICE, INC., dba UPS SUPPLY CHAIN SOLUTIONS, INC., and DOES 1 through 50, INCLUSIVE,<br><br>　　　　　　Defendants | Case No.  CV-08-2199 (MEJ)<br><br>**LNT MERCHANDISING COMPANY, LLC'S NOTICE OF MOTION AND *EXPEDITED* MOTION TO DISSOLVE OR MODIFY TEMPORARY RESTRAINING ORDER [FED. R. CIV. P. 65(B)(4)]**<br><br>Date:           May 1, 2008<br>Time:          10:00 AM<br>Department: Courtroom B, 15th floor<br>Judge:         Hon. Maria-Elena James<br><br>Date removed: April 29, 2008 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on May 1, 2008 at 10:00 AM or as soon thereafter as the Court may allow, at Courtroom B, 15th floor, 450 Golden Gate Ave., San Francisco, California, Defendant LNT Merchandising Company, LLC ("LNT"), by and through its undersigned counsel, will and hereby does move on an expedited basis, pursuant to Federal Rule of Civil

Procedure 65(b)(4), to dissolve, or in the alternative, modify a Temporary Restraining Order ("TRO") issued by the Superior Court of California, County of Alameda, in this action. This motion is brought on the following grounds:

LNT has removed the instant action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, and provided notice to Plaintiff Yotrio International, LLC ("Yotrio"), through its counsel. Notwithstanding the removal of this action, on April 29, 2008 Yotrio sought *ex parte* in state court and obtained a Temporary Restraining Order ("TRO"), which purports to restrain defendant United Parcel Service, Inc. ("UPS"), which has not yet been served and on information and belief was not notified of the TRO in advance of the *ex parte* hearing, from completing delivery of inventory that Yotrio allegedly transferred to it for delivery to LNT until December 31, 2008. LNT moves to dissolve the TRO on the grounds that it was issued without jurisdiction and therefore void; and alternatively moves to modify the TRO on the grounds that its term exceeds the expiration period for a temporary restraining order issued without notice under Federal Rule of Civil Procedure 65(b)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    SUMMARY OF RELEVANT FACTS**

On or about April 25, 2008, Yotrio commenced a civil action in the Superior Court of the State of California, County of Alameda, captioned *Yotrio International, LLC v. LNT Merchandising Company, LLC et al.*, Case No. RG08384043 (the "Action"), naming as defendants LNT and UPS. As of the date of this Expedited Motion, neither LNT nor UPS have been served with process. (Decl. of Alex Sears in Supp. of Mot. to Dissolve TRO ("Sears Decl.") ¶¶ 2-3, 13.)

On the afternoon of April 28, 2008, LNT filed a Notice of Removal in this Court, on the grounds that this Court has diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a)-(b).[1] On the morning of April 29, 2008, Yotrio appeared *ex parte* in the state court and moved for

---

[1] A copy of the Notice of Removal, without exhibits, is attached hereto as Exhibit A for the Court's convenience.

1  a TRO. LNT's counsel appeared at the *ex parte* hearing, but was not given a copy of Yotrio's
2  moving papers at that time. (Sears Decl. ¶ 11.) UPS did not appear at the *ex parte* hearing. (*Id.*
3  ¶ 13.) At the *ex* parte hearing, Yotrio's counsel informed LNT's counsel that Defendant United
4  Parcel Service, Inc. ("UPS") had still not been served in the Action. (*Id.*) LNT is informed and
5  believes that UPS was not notified of Yotrio's TRO application or served with Yotrio's moving
6  papers in advance of the April 29, 2008 *ex parte* hearing.
7      At the April 29, 2008 state court *ex parte* hearing, LNT's counsel brought copies of
8  LNT's Notice to the Clerk of the Superior Court of the State of California for the County of
9  Alameda and to Adverse Party of Removal of Action to Federal Court ("Notice to Clerk"). (*Id.*
10 ¶¶ 5, 9.) Because the clerk's office did not open prior to the *ex parte* hearing time, LNT's counsel
11 was unable to file the Notice to Clerk in advance of the *ex parte* hearing. (*Id.* ¶¶ 7, 9.)
12 Accordingly, LNT's counsel provided the Notice to Clerk to the courtroom clerk and the court's
13 research attorney prior to the *ex parte* hearing, but the courtroom clerk did not accept the Notice
14 to Clerk for filing. (*Id.* ¶ 10.) At the *ex parte* hearing, Yotrio did not give LNT's counsel a copy
15 of its *ex parte* TRO papers, only allowed LNT's counsel to briefly review a copy. (*Id.* ¶ 11.) In
16 addition, the parties' counsel were not allowed to speak to the judge, who remained in chambers
17 throughout the hearing: instead, a research attorney brought Yotrio's moving papers and LNT's
18 removal papers to chambers and then notified the parties' counsel that because the Notice to
19 Clerk had not yet been filed, the state court still had jurisdiction over the Action and would grant
20 Yotrio's requested relief. (*Id.* ¶ 14 & Ex. A.) The TRO purports to restrain UPS from completing
21 delivery of inventory that Yotrio allegedly transferred to it for delivery to LNT until December
22 31, 2008 or until a preliminary injunction hearing calendared for May 8, 2008. (*See* Sears Decl.
23 Ex. A.)
24     Immediately following the *ex parte* hearing on April 29, 2008, LNT's counsel filed the
25 Notice to Clerk at the Alameda County Superior Court clerk's filing window, then served it on
26 Yotrio and provided a courtesy copy to unserved co-defendant UPS the same day. (Sears Decl.
27 ¶ 16-17 & Ex. B.)
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085839 v1/SF     3.     **LNT'S EXPEDITED MOTION TO DISSOLVE OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]**

On April 29, 2008, LNT's counsel requested that Yotrio's counsel provide a copy of Yotrio's TRO moving papers by fax or e-mail. (*Id.* ¶ 18.) However, as of the date of filing this Motion, LNT has still not been provided with a copy of Yotrio's TRO moving papers. (*Id.*)

## II. DISCUSSION

### A. The State Court Had No Jurisdiction to Grant Yotrio's TRO

Service of the Notice of Removal on the state court clerk was sufficient to deprive the state court of jurisdiction. *See Medrano v. State of Tex.*, 580 F.2d 803, 804 (5th Cir. 1978) (even constructive notice of removal is sufficient to deprive the state court of jurisdiction, thus making any further proceedings void).[2] LNT provided a copy of the Notice to the state court clerk in advance of the *ex parte* hearing. Therefore, the state court was already divested of jurisdiction of the case. The TRO is improper because at the time of the *ex parte* hearing, LNT had already removed the action to federal court and the state court. Because the state court had no jurisdiction to grant the TRO, the TRO is void.

### B. Even if Allowed to Stand, the TRO Should Not Be Given Effect Beyond 10 Days

Removal is complete, and the Federal Rules of Civil Procedure govern the Action. Fed. R. Civ. P. 81(c); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 427, 94 S.Ct. 1113, 1118 (1974). An *ex parte* temporary restraining order is limited to a maximum period of 10 days. Fed. R. Civ. P. 65(b)(2). Thus, removal effectively limits the term of the TRO to a period not to exceed to days from the date of removal. *Granny Goose Foods, Inc.*, 415 U.S. at 439-440. In the unlikely event this Court allows the TRO to

---

[2] Another circuit has held that removal is not effective until notice is filed in state court. *See, e.g., Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996). However, *Anthony* did not address the issue of constructive notice to the court or to the parties by delivery of notice prior to filing. In any event, the state courtroom clerk should have accepted the Notice to Clerk for filing at the *ex parte* hearing when LNT's counsel handed it to her, and the state court's failure to do so was improper. *See Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1257 (D. Kan. 2001) (holding that removal was effective on the date a notice of removal was hand-delivered to the state court clerk, not the later date the notice was stamped by the state court as filed).

stand, it can only remain in effect for a maximum of 10 days from the date of removal, *i.e.*, May 9, 2008.

### III. CONCLUSION

For the foregoing reasons, LNT requests that this Court dissolve the improperly-granted TRO, or in the alternative, modify it so that it expires no later than May 9, 2008.

Dated: April 30, 2008               Respectfully submitted,

                                    COOLEY GODWARD KRONISH LLP


                                    Alex C. Sears /s/
                                    Alex C. Sears

                                    Attorneys for Defendant
                                    LNT MERCHANDISING COMPANY, LLC