COOLEY GODWARD KRONISH LLP
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 560-6000
Facsimile:      (858) 560-6420

CRAIG C. DANIEL (212588) (cdaniel@cooley.com)
ALEX C. SEARS (232491) (asears@cooley.com)
101 California St., Fifth Floor
San Francisco, CA 94111
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
LNT MERCHANDISING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTRIO INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LNT MERCHANDISING COMPANY, LLC, dba LINENS N' THINGS, INC., UNITED PARCEL SERVICE, INC., dba UPS SUPPLY CHAIN SOLUTIONS, INC., and DOES 1 through 50, INCLUSIVE,<br><br>Defendants | Case No.  CV-08-2199 (SI)<br><br>**MOTION TO SHORTEN TIME RE LNT MERCHANDISING COMPANY, LLC'S MOTION TO DISSOLVE OR MODIFY TEMPORARY RESTRAINING ORDER**<br><br>**[CIVIL LOCAL RULE 6-3]**<br><br>Department: Courtroom 10, 19th floor<br>Judge:       Hon. Susan Illston<br><br>Date removed: April 29, 2008 |

1    Pursuant to Civil Local Rule 6-3, Defendant LNT Merchandising Company, LLC

2  ("LNT") hereby seeks an Order shortening time for a hearing on its Motion to Dissolve or

3  Modify Temporary Restraining Order ("Motion to Dissolve").

4    LNT filed this motion on April 30, 2008, seeking to dissolve a Temporary Restraining

5  Order improperly entered by the California Superior Court *after* this matter was removed to

6  federal court.  A copy of the Motion to Dissolve and supporting declaration, which more fully

7  explain the improper circumstances under which the Motion to Dissolve was entered, is attached

8  hereto as Exhibits A and B.  At the time of filing, this matter was assigned to Magistrate Judge

9  Maria-Elena James, and a hearing was requested for May 1, 2008.  On May 1, 2008, this matter

10  was re-assigned to Honorable Judge Susan Illston.

11    Federal Rule of Civil Procedure 65(b)(4) authorizes a party to file a motion to dissolve, or

12  in the alternative, to modify the Temporary Restraining Order, on 2 days' notice to the party who

13  obtained it, or on shorter notice set by the Court.  Plaintiff was notified of Defendant's Motion to

14  Dissolve on April 30, 2008, and LNT asks that the Motion to Dissolve be considered on May 1,

15  2008, or at the Court's earliest convenience.  In the alternative, Defendant asks that the Motion

16  be granted without a hearing.

17    This matter should be heard on shortened time to avoid substantial harm to LNT if the

18  improper state-granted Temporary Restraining Order remains in place.  As described in the

19  Motion to Dissolve and supporting declaration of Alex T. Sears, Defendant is in the business of

20  selling merchandise through the commercial entity Linens N Things, Inc.  Defendant ordered

21  significant quantities of merchandise from Plaintiff, and expects to place that merchandise in its

22  sales channels promptly.

23    The subject merchandise is currently in the delivery process, yet under the terms of the

24  Temporary Restraining Order, it cannot be delivered to LNT until January 1, 2009.[1]  Should

25  Plaintiff's improper Temporary Restraining Order remain in place, Defendant will suffer

26

27  [1] By its terms, the Temporary Restraining Order may also be dissolved after a trial in this matter,
which is unlikely to occur before January 1, 2009, or after a state-court hearing on an Order to
28  Show Cause, which is impossible now that the case has been removed.

1  significant financial loss both because it cannot immediately sell merchandise it ordered, and

2  because when it receives the merchandise in 2009, that merchandise will be eight months out of

3  date, and likely will sell for a greatly reduced price, if at all.    Finally, and perhaps most

4  importantly, LNT will suffer irreparable injury to its reputation among consumers if it is unable

5  to obtain and sell merchandise in its stores.

6       Thus, LNT respectfully requests that the Court enter an Order shortening time to hear

7  Defendant's Motion to Dissolve, and set the hearing on that Motion for May 1, 2008, or, in the

8  alternative, that the Court grant Defendant's Motion to Dissolve without hearing.

9

10  Dated: May 1, 2008                    Respectfully submitted,

11                                        COOLEY GODWARD KRONISH LLP

12

13

14  Craig C. Daniel /s/
    _____
    Craig C. Daniel

15  Attorneys for Defendant
16  LNT MERCHANDISING COMPANY, LLC

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

# EXHIBIT A

1  COOLEY GODWARD KRONISH LLP
   MICHELLE C. DOOLIN (179445)
2  (mdoolin@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA 92121
   Telephone:    (858) 560-6000
4  Facsimile:    (858) 560-6420

5  CRAIG C. DANIEL (212588)
   (ccdaniel@cooley.com)
6  ALEX C. SEARS (232491)
   (asears@cooley.com)
7  101 California St., Fifth Floor
   San Francisco, CA 94111
8  Telephone:    (415) 693-2000
   Facsimile:    (415) 693-2222

9
   Attorneys for Defendant
10 LNT MERCHANDISING COMPANY, LLC

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13

14

15 YOTRIO INTERNATIONAL, LLC,          Case No.  CV-08-2199 (MEJ)

16          Plaintiff,                 **LNT MERCHANDISING COMPANY,
                                        LLC'S NOTICE OF MOTION AND
                                        *EXPEDITED* MOTION TO DISSOLVE OR**
17     v.                              **MODIFY TEMPORARY RESTRAINING
                                        ORDER [FED. R. CIV. P. 65(B)(4)]**
18 LNT MERCHANDISING COMPANY, LLC,
   dba LINENS N' THINGS, INC., UNITED  Date:       May 1, 2008
   PARCEL SERVICE, INC., dba UPS       Time:       10:00 AM
19 SUPPLY CHAIN SOLUTIONS, INC., and   Department: Courtroom B, 15th floor
   DOES 1 through 50, INCLUSIVE,       Judge:      Hon. Maria-Elena James
20
          Defendants                   Date removed: April 29, 2008
21

22

23                  **NOTICE OF MOTION AND MOTION**

24     TO ALL PARTIES AND THEIR COUNSEL:

25         PLEASE TAKE NOTICE that on May 1, 2008 at 10:00 AM or as soon thereafter as the

26 Court may allow, at Courtroom B, 15th floor, 450 Golden Gate Ave., San Francisco, California,

27 Defendant LNT Merchandising Company, LLC ("LNT"), by and through its undersigned

28 counsel, will and hereby does move on an expedited basis, pursuant to Federal Rule of Civil

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085839 v1/SF                          1.        **LNT'S EXPEDITED MOTION TO DISSOLVE
                                                 OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]**

1    Procedure 65(b)(4), to dissolve, or in the alternative, modify a Temporary Restraining Order

2    ("TRO") issued by the Superior Court of California, County of Alameda, in this action.   This

3    motion is brought on the following grounds:

4         LNT has removed the instant action from the Superior Court of the State of California,

5    County of Alameda, to the United States District Court for the Northern District of California,

6    and provided notice to Plaintiff Yotrio International, LLC ("Yotrio"), through its counsel.

7    Notwithstanding the removal of this action, on April 29, 2008 Yotrio sought *ex parte* in state

8    court and obtained a Temporary Restraining Order ("TRO"), which purports to restrain defendant

9    United Parcel Service, Inc. ("UPS"), which has not yet been served and on information and belief

10   was not notified of the TRO in advance of the *ex parte* hearing, from completing delivery of

11   inventory that Yotrio allegedly transferred to it for delivery to LNT until December 31, 2008.

12   LNT moves to dissolve the TRO on the grounds that it was issued without jurisdiction and

13   therefore void; and alternatively moves to modify the TRO on the grounds that its term exceeds

14   the expiration period for a temporary restraining order issued without notice under Federal Rule

15   of Civil Procedure 65(b)(2).

16                     **MEMORANDUM OF POINTS AND AUTHORITIES**

17   **I.    SUMMARY OF RELEVANT FACTS**

18        On or about April 25, 2008, Yotrio commenced a civil action in the Superior Court of the

19   State of California, County of Alameda, captioned *Yotrio International, LLC v. LNT*

20   *Merchandising Company, LLC et al.*, Case No. RG08384043 (the "Action"), naming as

21   defendants LNT and UPS.  As of the date of this Expedited Motion, neither LNT nor UPS have

22   been served with process.  (Decl. of Alex Sears in Supp. of Mot. to Dissolve TRO ("Sears Decl.")

23   ¶¶ 2-3, 13.)

24        On the afternoon of April 28, 2008, LNT filed a Notice of Removal in this Court, on the

25   grounds that this Court has diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a)-

26   (b).[1]  On the morning of April 29, 2008, Yotrio appeared *ex parte* in the state court and moved for

---

[1] A copy of the Notice of Removal, without exhibits, is attached hereto as Exhibit A for the Court's convenience.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085839 v1/SF                    2.                    LNT'S EXPEDITED MOTION TO DISSOLVE
                                                        OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

a TRO. LNT's counsel appeared at the *ex parte* hearing, but was not given a copy of Yotrio's moving papers at that time. (Sears Decl. ¶ 11.) UPS did not appear at the *ex parte* hearing. (*Id.* ¶ 13.) At the *ex parte* hearing, Yotrio's counsel informed LNT's counsel that Defendant United Parcel Service, Inc. ("UPS") had still not been served in the Action. (*Id.*) LNT is informed and believes that UPS was not notified of Yotrio's TRO application or served with Yotrio's moving papers in advance of the April 29, 2008 *ex parte* hearing.

At the April 29, 2008 state court *ex parte* hearing, LNT's counsel brought copies of LNT's Notice to the Clerk of the Superior Court of the State of California for the County of Alameda and to Adverse Party of Removal of Action to Federal Court ("Notice to Clerk"). (*Id.* ¶¶ 5, 9.) Because the clerk's office did not open prior to the *ex parte* hearing time, LNT's counsel was unable to file the Notice to Clerk in advance of the *ex parte* hearing. (*Id.* ¶¶ 7, 9.) Accordingly, LNT's counsel provided the Notice to Clerk to the courtroom clerk and the court's research attorney prior to the *ex parte* hearing, but the courtroom clerk did not accept the Notice to Clerk for filing. (*Id.* ¶ 10.) At the *ex parte* hearing, Yotrio did not give LNT's counsel a copy of its *ex parte* TRO papers, only allowed LNT's counsel to briefly review a copy. (*Id.* ¶ 11.) In addition, the parties' counsel were not allowed to speak to the judge, who remained in chambers throughout the hearing: instead, a research attorney brought Yotrio's moving papers and LNT's removal papers to chambers and then notified the parties' counsel that because the Notice to Clerk had not yet been filed, the state court still had jurisdiction over the Action and would grant Yotrio's requested relief. (*Id.* ¶ 14 & Ex. A.) The TRO purports to restrain UPS from completing delivery of inventory that Yotrio allegedly transferred to it for delivery to LNT until December 31, 2008 or until a preliminary injunction hearing calendared for May 8, 2008. (*See* Sears Decl. Ex. A.)

Immediately following the *ex parte* hearing on April 29, 2008, LNT's counsel filed the Notice to Clerk at the Alameda County Superior Court clerk's filing window, then served it on Yotrio and provided a courtesy copy to unserved co-defendant UPS the same day. (Sears Decl. ¶ 16-17 & Ex. B.)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085839 v1/SF                3.                LNT'S EXPEDITED MOTION TO DISSOLVE
OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

On April 29, 2008, LNT's counsel requested that Yotrio's counsel provide a copy of Yotrio's TRO moving papers by fax or e-mail. (*Id.* ¶ 18.) However, as of the date of filing this Motion, LNT has still not been provided with a copy of Yotrio's TRO moving papers. (*Id.*)

## II.    DISCUSSION

### A.    The State Court Had No Jurisdiction to Grant Yotrio's TRO

Service of the Notice of Removal on the state court clerk was sufficient to deprive the state court of jurisdiction. *See Medrano v. State of Tex.*, 580 F.2d 803, 804 (5th Cir. 1978) (even constructive notice of removal is sufficient to deprive the state court of jurisdiction, thus making any further proceedings void).[2]  LNT provided a copy of the Notice to the state court clerk in advance of the *ex parte* hearing. Therefore, the state court was already divested of jurisdiction of the case. The TRO is improper because at the time of the *ex parte* hearing, LNT had already removed the action to federal court and the state court. Because the state court had no jurisdiction to grant the TRO, the TRO is void.

### B.    Even if Allowed to Stand, the TRO Should Not Be Given Effect Beyond 10 Days

Removal is complete, and the Federal Rules of Civil Procedure govern the Action. Fed. R. Civ. P. 81(c); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 427, 94 S.Ct. 1113, 1118 (1974). An *ex parte* temporary restraining order is limited to a maximum period of 10 days. Fed. R. Civ. P. 65(b)(2). Thus, removal effectively limits the term of the TRO to a period not to exceed to days from the date of removal. *Granny Goose Foods, Inc.*, 415 U.S. at 439-440. In the unlikely event this Court allows the TRO to

---

[2] Another circuit has held that removal is not effective until notice is filed in state court. *See, e.g., Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996). However, *Anthony* did not address the issue of constructive notice to the court or to the parties by delivery of notice prior to filing. In any event, the state courtroom clerk should have accepted the Notice to Clerk for filing at the *ex parte* hearing when LNT's counsel handed it to her, and the state court's failure to do so was improper. *See Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1257 (D. Kan. 2001) (holding that removal was effective on the date a notice of removal was hand-delivered to the state court clerk, not the later date the notice was stamped by the state court as filed).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085839 v1/SF                    4.                    LNT'S EXPEDITED MOTION TO DISSOLVE
OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

1    stand, it can only remain in effect for a maximum of 10 days from the date of removal, *i.e.*, May

2    9, 2008.

3    **III.    CONCLUSION**

4         For the foregoing reasons, LNT requests that this Court dissolve the improperly-granted

5    TRO, or in the alternative, modify it so that it expires no later than May 9, 2008.

6

7

8    Dated: April 30, 2008                          Respectfully submitted,

9                                                   COOLEY GODWARD KRONISH LLP

10

11                                                  Alex C. Sears /s/

12                                                  Alex C. Sears

13                                                  Attorneys for Defendant

14                                                  LNT MERCHANDISING COMPANY, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085839 v1/SF                          5.                 LNT'S EXPEDITED MOTION TO DISSOLVE
OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

1   COOLEY GODWARD KRONISH LLP
    MICHELLE C. DOOLIN (179445)
2   (mdoolin@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA  92121
    Telephone:    (858) 560-6000
4   Facsimile:    (858) 560-6420

5   ALEX C. SEARS (232491)
    (asears@cooley.com)
6   101 California St., Fifth Floor
    San Francisco, CA 94111
7   Telephone:    (415) 693-2000
    Facsimile:    (415) 693-2222

8
    Attorneys for Defendant
9   LNT MERCHANDISING COMPANY, LLC

10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12

13
    YOTRIO INTERNATIONAL, LLC,                 Case No.
14
                    Plaintiff,                 **NOTICE OF REMOVAL**
15
            v.
16
    LNT MERCHANDISING COMPANY, LLC,
17  dba LINEN N' THINGS, INC., UNITED
    PARCEL SERVICE, INC., dba UPS
18  SUPPLY CHAIN SOLUTIONS, INC., and
    DOES 1 through 50, INCLUSIVE,
19
                    Defendants
20

21

22          **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

23  **DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:**

24          **PLEASE TAKE NOTICE** that defendant LNT Merchandising Company, LLC ("LNT"),

25  by and through its undersigned counsel, hereby removes the state court action described below

26  from the Superior Court of the State of California, County of Alameda, to the United States

27  District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and

28  1446.  LNT respectfully submits that removal is proper for the following reasons:

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085604 v1/SF                          1.                     NOTICE OF REMOVAL

EXHIBIT A

**BACKGROUND**

1.      On or about April 25, 2008, plaintiff commenced a civil action in the Superior Court of the State of California, County of Alameda, captioned *Yotrio International, LLC v. LNT Merchandising Company, LLC et al.*, Case No. RG08384043 (the "Action").

2.      No process, pleadings or orders have been served on LNT in the Action as of the date of filing of this Notice of Removal.

3.      LNT obtained copies of the documents that have been filed in the Superior Court to date in the Action on April 28, 2008 from the Superior Court's Web site. A true and correct copy of the Complaint with exhibits is attached hereto as Exhibit 1. A true and correct copy of the Superior Court Civil Cover Sheet is attached hereto as Exhibit 2. A true and correct copy of the Summons on Complaint is attached hereto as Exhibit 3. A true and correct copy of the Order Setting an Initial Case Management Conference is attached hereto as Exhibit 4. A true and correct copy of the Notice of Judicial Assignment is attached hereto as Exhibit 5.

4.      This Notice of Removal is filed within thirty days of receipt by LNT of the Complaint and, thus, is timely under 28 U.S.C. § 1446(b). *See* Ex. 1.

5.      As of the date of filing of this Notice of Removal, LNT is informed and believes that no other defendants have been served in the Action. Therefore, joinder of other defendants in this Notice is not required. *See Downs v. Monetary Management of California, Inc.*, 2000 WL 335949 at *3 (N.D. Cal. 2000) ("Those named as defendants but not yet served in the state court action need not join in the notice of removal.") (citing *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.1984)).

6.      Pursuant to 28 U.S.C. § 1446(d), LNT will promptly file a Notice of Filing of Notice of Removal with the Alameda County Superior Court to effectuate removal. LNT will also promptly serve plaintiff's attorneys of record with this Notice of Removal and the Notice of Filing of Notice of Removal.

7.      Nothing herein constitutes a waiver of any of LNT's rights; objections or defenses, including without limitation its right to seek dismissal of the Complaint on any grounds.

## JURISDICTION

**8.**     On information and belief, Plaintiff Yotrio International, LLC is organized in California and has its principal place of business in Emeryville, California, now and at all relevant times.

**9.**     Defendant LNT is incorporated in Delaware and has its principal place of business in Clifton, New Jersey, now and at all relevant times.

**10.**     On information and belief, Defendant United Parcel Service, Inc. ("UPS") is incorporated in Ohio and has its principal place of business in Atlanta, Georgia, now and at all relevant times.

**11.**     There are no other named parties to the Action.

**12.**     The amount in controversy in the Action is $657,911.01, which exceeds $75,000. (*See* Ex. 1 ¶¶ 9, 15, 19 & Prayer for Relief.)

**13.**     This Court has diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a)-(b).

## INTRADISTRICT ASSIGNMENT

**14.**     The Action was filed in the Alameda County Superior Court.  Therefore, this action is properly removed to the Oakland Division of this Court pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE,** LNT respectfully requests that the entire Action proceed before this Court as an action properly removed.  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

Dated: April 28, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

Alex C. Sears

Attorneys for Defendant
LNT MERCHANDISING COMPANY, LLC

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1085604 v1/SF

3.

NOTICE OF REMOVAL

**EXHIBIT B**

1   COOLEY GODWARD KRONISH LLP
    MICHELLE C. DOOLIN (179445)
2   (mdoolin@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA  92121
    Telephone:     (858) 560-6000
4   Facsimile:     (858) 560-6420

5   CRAIG C. DANIEL (212588)
    (ccdaniel@cooley.com)
6   ALEX C. SEARS (232491)
    (asears@cooley.com)
7   101 California St., Fifth Floor
    San Francisco, CA 94111
8   Telephone:     (415) 693-2000
    Facsimile:     (415) 693-2222

9
    Attorneys for Defendant
10  LNT MERCHANDISING COMPANY, LLC

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14
    YOTRIO INTERNATIONAL, LLC,          Case No.  CV-08-2199 (MEJ)
15
                    Plaintiff,          **DECLARATION OF ALEX SEARS IN
16                                       SUPPORT OF LNT MERCHANDISING
           v.                            COMPANY, LLC'S *EXPEDITED* MOTION
17                                       TO DISSOLVE OR MODIFY TEMPORARY
    LNT MERCHANDISING COMPANY, LLC,      RESTRAINING ORDER [FED. R. CIV. P.
18  dba LINENS N' THINGS, INC., UNITED   65(B)(4)]**
    PARCEL SERVICE, INC., dba UPS
19  SUPPLY CHAIN SOLUTIONS, INC., and   Date:       May 1, 2008
    DOES 1 through 50, INCLUSIVE,       Time:       10:00 AM
20                                      Department: Courtroom B, 15th floor
                    Defendants          Judge:      Hon. Maria-Elena James
21
                                        Date removed: April 29, 2008
22

23
        **I, Alex C. Sears, hereby declare as follows:**
24
        1.      I am an attorney licensed to practice law in the State of California and am admitted
25
    to practice before this Court.  I am associated with Cooley Godward Kronish LLP, counsel for
26
    Defendant LNT Merchandising Company, LLC ("LNT").  I make the following statements of my
27
    own personal knowledge and, if called upon to testify to their truth, I could and would do so.
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1.

DECL. OF ALEX SEARS IN SUPP. OF LNT'S
EXPEDITED MOTION TO DISSOLVE
OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

2.     On April 28, 2008, I learned of the civil action captioned *Yotrio International, LLC v. LNT Merchandising Company, LLC et al.*, Case No. RG08384043, filed in the Superior Court for the County of Alameda (the "Action").  On the same date, I also learned that plaintiff Yotrio International, LLC ("Yotrio") would be moving *ex parte* for a temporary restraining order ("TRO") the following morning in Department 30 of the Alameda County Superior Court, located at the "Post Office" branch.

3.     I am informed and believe that as of today, LNT has not yet been served with process in the State Court Action.

4.     On the afternoon of April 28, 2008, LNT filed a Notice of Removal in this Court, on the grounds that this Court has diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a)-(b).

5.     On the afternoon and in the early evening of April 28, 2008, after filing LNT's Notice of Removal in this Court, I prepared LNT's Notice to the Clerk of the Superior Court of the State of California for the County of Alameda and to Adverse Party of Removal of Action to Federal Court ("Notice to Clerk").

6.     Also on the afternoon of April 28, 2008, I telephoned Yotrio's counsel James Cai and informed him that LNT had filed a Notice of Removal in this Court.  In that phone call, Mr. Cai informed me that Yotrio intended to proceed with its motion for a TRO notwithstanding LNT's removal.

7.     On the afternoon of April 28, 2008, I checked the civil filing hours of the Alameda County Superior Court on its Web site at the URL http://www.alameda.courts.ca.gov/courts/general/hours.shtml.  That page stated that the Civil Filing hours for the Post Office branch were from 8:30 to 4:00.

8.     On the morning of April 29, 2008, I appeared in the Alameda County Superior Court for the *ex parte* hearing on Yotrio's motion for a TRO, which was scheduled at 9:00 AM in Department 30.

9.     On the morning of April 29, 2008, I arrived at the Post Office branch of the Alameda County Superior Court at 8:30 AM, with the intention of filing LNT's Notice to Clerk in

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

2.

DECL. OF ALEX SEARS IN SUPP. OF LNT'S
EXPEDITED MOTION TO DISSOLVE
OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

1   advance of the *ex parte* hearing. However, a sign on the door of the filing clerk's office stated that

2   the office did not open until 10:30 AM, in discrepancy with the hours posted on the Alameda

3   County Superior Court Web site.  Therefore, I was unable to file the Notice to Clerk in advance

4   of the *ex parte* hearing.

5        **10.**      Before the April 29, 2008 *ex parte* hearing started, I explained to the courtroom

6   clerk and to the research attorney in Department 30 that LNT had filed a Notice of Removal the

7   previous day and that I had intended to file the Notice to Clerk that morning but that the filing

8   clerk's office was closed.  I also provided a copy of LNT's Notice to Clerk to the courtroom clerk

9   and to the research attorney.  Notwithstanding my explanation, the courtroom clerk would not

10  accept LNT's Notice to Clerk for filing prior to the *ex parte* hearing.

11       **11.**      Yotrio's counsel let me briefly review a copy of Yotrio's TRO moving papers

12  before the April 29, 2008 *ex parte* hearing, but said that he did not have an extra copy of the

13  papers to give me at that time.

14       **12.**      I provided a copy of LNT's Notice to Clerk to Yotrio's counsel for his review

15  prior to the April 29, 2008 *ex parte* hearing.  Yotrio's counsel returned that copy to me before the

16  *ex parte* hearing began.

17       **13.**      Defendant United Parcel Service, Inc., did not appear at the April 29, 2008 *ex*

18  *parte* hearing.  Yotrio's counsel informed me at the April 29, 2008 *ex parte* hearing that United

19  Parcel Service, Inc., had not yet been served with process.

20       **14.**      At the April 29, 2008 *ex parte* hearing, the parties' counsel were not allowed to

21  speak to the judge, who remained in chambers throughout the hearing: instead, the research

22  attorney brought Yotrio's moving papers and LNT's Notice to Clerk to chambers.  Eventually,

23  the research attorney emerged from chambers and notified the parties' counsel that because the

24  Notice to Clerk had not yet been filed, the state court still had jurisdiction over the Action and

25  would grant Yotrio's requested relief.

26       **15.**      Attached as Exhibit A is a true and correct copy of the Temporary Restraining

27  Order as signed by the judge at the April 29, 2008 *ex parte* hearing.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK                                    3.                    DECL. OF ALEX SEARS IN SUPP. OF LNT'S
EXPEDITED MOTION TO DISSOLVE
OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

**16.**    Immediately following the April 29, 2008 *ex parte* hearing, I drove to another branch of the Alameda County Superior Court and filed the Notice to Clerk at the clerk's filing window.

**17.**    On April 29, 2008, LNT served a copy of the Notice to Clerk on Yotrio through its counsel, and provided a courtesy copy to unserved defendant United Parcel Service, Inc., through its registered agent for service of process.  Attached as Exhibit B is a true and correct copy of the Proof of Service on Yotrio for the Notice to Clerk.

**18.**    On April 29, 2008, I contacted Yotrio's counsel by e-mail and requested that he provide a copy of Yotrio's *ex parte* TRO moving papers to me by fax or e-mail at his earliest opportunity.    As of today, I have still not received a copy of Yotrio's *ex parte* TRO moving papers.


I declare under penalty of perjury under the laws of this State that the foregoing is true and correct.

Executed this 30th day of April, 2008 at San Francisco, California


By <u>Alex C. Sears /s/</u>
Alex C. Sears

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

4.

DECL. OF ALEX SEARS IN SUPP. OF LNT'S
EXPEDITED MOTION TO DISSOLVE
OR MODIFY TRO [FED. R. CIV. P. 65(B)(4)]

04/30/2008  12:01    4084360758                                                    PAGE  02
04/29/2008  10:49 FAX 408 266 0301    ~~~~~~ ~~~~~~

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

APR 2 9 2008

CLERK OF THE SUPERIOR COURT
By ___KATHLEEN McKEAN___

Deputy

1  James Cai  Bar Number 200189
   SCHEIN & CAI, LLP
2  100 Century Center Court, Suite 315
   San Jose, CA  95112
3  (408) 436-0789    Phone
   (408) 436-0758    Facsimile
4

5  Attorney for Plaintiff,
   YOTRIO INTERNATIONAL, LLC
6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

10

11  YOTRIO INTERNATIONAL, LLC              )  Case Number:    RG 08 384043
                                           )
12          Plaintiffs,                    )  (PROPOSED) TEMPORARY
                                           )  RESTRAINING ORDER AND ORDER TO
13  vs.                                    )  SHOW CAUSE RE:  PRELIMINARY
                                           )  INJUNCTION
14                                         )
    LNT MERCHANDISING COMPANY, LLC.,       )  Reservation Number:  823637
15  dba LINEN N' THINGS, INC., UNITED      )
    PARCEL SERVICE, INC., dba UPS SUPPLY   )
16  CHAIN SOLUTIONS, INC., AND DOES 1      )
    through 50, INCLUSIVE                  )
17                                         )
18          Defendants                     )  Date:      4/29/2008
                                           )  Time:      9:00 a.m.
19                                         )  Dept:      30
                                              Judge:     Hon. Kenneth Mark Burr
20

21                  **ORDER TO SHOW CAUSE:**

22      To:    LNT MERCHANDISING COMPANY, LLC, dba LINEN N' THINGS, INC.

23             ("LNT")

24      Based upon the complaint filed in this action and the declaration of Kari Liu, you are

25  ordered to appear on _May 8, 2008_ at _1:30_ in Department _30_ of this Court located at

26  201 13th Street in Oakland, California, to show cause why a preliminary injunction should not be

27  ordered restraining and enjoining UNITED PARCEL SERVICE, its employees employees,

28  agents or any other persons acting with it or in its behalf from transferring any inventory UPS

(Proposed) Order re: TRO                    1                    RG 08 384043

EXHIBIT _A_

1  has received from YOTRIO INTERNATIONAL LLC ("YOTRIO") to LNT, pending trial in this

2  action.

### TEMPORARY RESTRAINING ORDER:

4      Pending hearing on the Order to Show Cause, United Parcel Service, its employees,

5  agents or any other persons acting with it or in its behalf are to be restrained from transferring

6  any inventory UPS has received from YOTRIO INTERNATIONAL LLC ("YOTRIO") to LNT.

### IT IS FURTHER ORDERED THAT:

8      This Order to Show Cause and Temporary Restraining Order shall be served on

9  defendants LNT and UPS through their corporate counsel, or litigation counsel, once they

10  engage same. Proof of such service shall be filed at least __8__ days prior to the hearing.

11      Any Opposition papers to the Order to Show Cause shall be filed and served on plaintiff

12  by facsimile transmission [(408) 436-0758] or overnight mail no later than __5__ days before the

13  hearing. Any reply papers to the opposition shall be filed and served on defendant by either

14  facsimile transmission or overnight mail no later than ____ days before the hearing.

15      This restraining order granted shall expire on December 31, 2008 or until the Court so

16  directs.

17  Dated: 4-29-08

18

19

20

21                       JUDGE OF THE SUPERIOR COURT

22

23

24

25

26

27

28

[Proposed] Order re: TRO                    2                    RG 08 384043

**PROOF OF SERVICE**
[CCP §§ 1013, 1013a; CRC, Rule 2.306]

I am employed by the law offices of Schein & Cai LLP, and my business address is 100 Century Center Court, Suite 315, San Jose, CA 95112. I am over the age of 18 years and I am not a party to the cause.

On April 30, 2008 at the law offices of Schein & Cai LLP, I caused the following documents to be served:

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY IN-JUNCTION

Service by fax: I caused the documents to be served by transmission to a fax machine maintained by the person on whom it was served at the fax machine telephone number as last given by that person on any document that the party has filed in the case and served on the party making service.

The name and address, and fax number (if applicable) of each person served in the manner stated above, is as follows:

Alex Sears
COOLEY GODWARD KORNISH
101 California Street
5th Floor
San Francisco, CA 94111-5800
(415) 693-2222   Facsimile

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: April 30, 2008

Erick Covarrubias

SCHEIN & CAI, LLP
SAN JOSE, CALIFOR-

– 1 –
PROOF OF SERVICE

1    COOLEY GODWARD KRONISH LLP
      MICHELLE C. DOOLIN (179445)
2    (mdoolin@cooley.com)
      4401 Eastgate Mall
3    San Diego, CA 92121
      Telephone:    (858) 560-6000
4    Facsimile:    (858) 560-6420

5    ALEX C. SEARS (232491)
      (asears@cooley.com)
6    101 California St., Fifth Floor
      San Francisco, CA 94111
7    Telephone:    (415) 693-2000
      Facsimile:    (415) 693-2222

8

   Attorneys for Defendant
9    LNT MERCHANDISING COMPANY, LLC

10          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| YOTRIO INTERNATIONAL, LLC, | District Court Case No.  CV 08 2199 |
| Plaintiff, | State Court Case No. RG08384043 |
| v. | **PROOF OF SERVICE** |
| LNT MERCHANDISING COMPANY, LLC,<br>dba LINEN N' THINGS, INC., UNITED PARCEL SERVICE, INC., dba UPS SUPPLY CHAIN SOLUTIONS, INC., and DOES 1 through 50, INCLUSIVE,<br>Defendants | |

                                              **PROOF OF SERVICE**

EXHIBIT B

1 | **PROOF OF SERVICE**

2     I am a citizen of the United States and a resident of the State of California.  I am

3 employed in San Francisco County, State of California, in the office of a member of the bar of

4 this Court, at whose direction the service was made.  I am over the age of eighteen years, and

5 not a party to the within action.  My business address is Cooley Godward Kronish LLP, 101

6 California Street, 5th Floor, San Francisco, California  94111-5800.  My e-mail address is

7 ccornell@cooley.com.  On the date set forth below I served the documents described below in

8 the manner described below:

9 **NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF
10 CALIFORNIA FOR THE COUNTY OF ALAMEDA AND TO ADVERSE PARTY OF
REMOVAL OF ACTION TO FEDERAL COURT**

11     ☒    (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the
12 business practice of Cooley Godward Kronish LLP for collection and processing
of correspondence for mailing with the United States Postal Service, and I caused
13 such envelope(s) with postage thereon fully prepaid to be placed in the United
States Postal Service at San Francisco, California.

14     ☐    (BY MESSENGER SERVICE – CCP § 1011) by consigning the document(s) to
15 an authorized courier and/or process server for hand delivery on this date.

16     ☐    (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the
business practice of Cooley Godward Kronish LLP for collection and processing
17 of document(s) to be transmitted by facsimile and I caused such document(s) on
this date to be transmitted by facsimile to the offices of addressee(s) at the
18 numbers listed below.

19     ☐    (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar
with the business practice of Cooley Godward Kronish LLP for collection and
20 processing of correspondence for overnight delivery, and I caused such
document(s) described herein to be deposited for delivery to a facility regularly
21 maintained by Federal Express for overnight delivery.

22     ☐    (BY ELECTRONIC MAIL – CCP § 1010.6(a)(6)) Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I
23 caused such documents described herein to be sent to the persons at the e-mail
addresses listed below.  I did not receive, within a reasonable time after the
24 transmission, any electronic message or other indication that the transmission was
unsuccessful.

25 on the following part(ies) in this action:

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1085716 v1/SF              1.

1   James Cai
    Charles Standard
2   Schein & Cai LLP
    100 Century Center Court
3   Suite 315
    San Jose, CA 95112
4
        I declare under penalty of perjury under the laws of the State of California that the above
5
    is true and correct.
6
        Executed on April 28, 2008, at San Francisco, California.
7

8                                                  /s/

9   _____
                                  Cynthia A. Cornell
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1085716 v1/SF                              2.

PROOF OF SERVICE