1  Kirsten J. Daru (SBN 215346)
   Email: kdaru@reedsmith.com
2  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
3  San Francisco, CA 94111-3922

4  **Mailing Address:**
   P.O. Box 7936
5  San Francisco, CA 94120-7936

6  Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269
7
8  Attorneys for Defendant
   LNT MERCHANDISING COMPANY, LLC

9           UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA

11  YOTRIO INTERNATIONAL, LLC,              Case No. CV-08-2199 (SI)

12              Plaintiff,                  **LNT MERCHANDISING COMPANY,**
                                            **LLC'S CASE MANAGEMENT**
13       vs.                                **CONFERENCE STATEMENT**

14  LNT MERCHANDISING COMPANY, LLC, dba     Date:        August 22, 2008
    LINENS N' THINGS, INC., UNITED PARCEL   Time:        2:00 p.m.
15  SERVICE, INC., dba UPS SUPPLY CHAIN     Place:       Courtroom 10, 19th Floor
    SOLUTIONS, INC., and DOES 1 through 50,
16  INCLUSIVE,                              Honorable Susan Illston

17              Defendants.

18

19       Defendant LNT Merchandising Company, LLC ("LNT") submits the instant case

20  management conference statement to advise the Court of its current status in this litigation.

21       This case was filed on April 25, 2008 in the Alameda County Superior Court and was

22  removed to this Court on April 28, 2008.  Originally, plaintiff alleged several causes of action

23  against LNT only.  While United Parcel Service ("UPS") was named in the caption, plaintiff alleged

24  no claims against UPS in its original complaint nor did it seek any relief against UPS.

25       On May 2, 2008, and as reflected in LNT's "Suggestion of Bankruptcy and Notice of The

26  Automatic Stay" filed in this Court also on May 2, 2008, LNT and Linens 'n Things, Inc. filed

27  voluntary petitions under Chapter 11 of the United States Bankruptcy Code in Case Nos. 08-10842

28  (CSS) and 08-10833 (CSS), in the United States Bankruptcy Court for the District of Delaware.

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

1    Accordingly, as of May 2, 2008, this case has been subject to the automatic stay and enjoined from

2    proceeding further absent relief from the Bankruptcy Court.

3        On August 6, 2008, however, plaintiff filed an amended pleading in this case styled: "Yotrio

4    International, LLC's First Amended Complaint Against United Parcel Service, Inc., dba UPS Supply

5    Chain Solu-tions, Inc., and Does 1 through 50, Inclusive." A true and correct copy of plaintiff's

6    amended pleading is attached hereto as Exhibit A. Plaintiff's amended complaint alleges no cause of

7    action against LNT, nor is LNT mentioned anywhere in the amended pleading outside of the caption.

8    Because this pleading against UPS supersedes plaintiff's initial complaint against LNT, the amended

9    pleading effectively dismissed LNT from this case. *Loux v. Rhay*, 375 F. 2d 55, 57 (9th Cir. 1967)

10   (an "amended complaint supersedes the original, the latter being treated thereafter as nonexistent").

11       In addition, the recently-filed amended complaint as well as any subsequent pleading

12   contemplated by plaintiff seeking relief against LNT in this Court violates the Delaware Court's

13   Order enjoining this proceeding and otherwise violates the automatic stay. Indeed, plaintiff has

14   already subjected itself to contempt proceedings before the Delaware Court and will continue to do

15   so should plaintiff seek to re-plead a cause of action against LNT in this case.

16       Accordingly, LNT respectfully seeks that this Court either enter LNT's dismissal in this case

17   with prejudice or otherwise confirm LNT's current non-party status and excuse it from appearing

18   and/or participating in this case going forward.

19   DATED: August 15, 2008                    REED SMITH LLP

20

21                                            By    / s /  Kirsten J. Daru
                                                  _____
22                                                Kirsten J. Daru
                                                  Attorneys for Defendant
23                                                LNT MERCHANDISING COMPANY,
                                                  LLC

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

1  James Cai  (State Bar No. 200189)
   Jonathan H. Van Ee  (State Bar No. 214129)
2  SCHEIN & CAI, LLP
   100 Century Center Court, Suite 315
3  San Jose, California  95112–4535

4  Telephone:  (408) 436–0789
   Facsimile:  (408) 436–0758

5  Attorneys for Plaintiff
   YOTRIO INTERNATIONAL, LLC

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

   YOTRIO INTERNATIONAL, LLC,               )  CASE NO. 3:08-cv-02199-SI
11                                          )
                    Plaintiffs,             )
12                                          )  **YOTRIO INTERNATIONAL, LLC'S**
                                            )  **FIRST AMENDED COMPLAINT**
13            v.                            )  **AGAINST UNITED PARCEL SER-**
                                            )  **VICE, INC., DBA UPS SUPPLY**
14  LNT MERCHANDISING COMPANY, LLC,         )  **CHAIN SOLU-TIONS, INC., AND**
    dba LINEN N' THINGS, INC., UNITED       )  **DOES 1 THROUGH 50, INCLU-**
    PARCEL SERVICE, INC., dba UPS SUPPLY    )  **SIVE**
15  CHAIN SOLUTIONS, INC., and DOES 1       )
    through 50, INCLUSIVE,                  )
16                                          )
                                            )
17                  Defendants.             )
    _____)

18

19

20

21

22

23

24

25

26

27

28

                              – 1 –
       **YOTRIO INTERNATIONAL, LLC'S FIRST AMENDED COMPLAINT AGAINST**
                  UNITED PARCEL SERVICE, INC., et al.

### NATURE OF THE ACTION

1.      Plaintiff YOTRIO INTERNATIONAL, LLC, ("Yotrio") shipped various Goods from China through defendant UNITED PARCEL SERVICE, INC., dba UPS SUPPLY CHAIN SOLU-TIONS, INC. ("UPS") to distribution centers of LNT MERCHANDISING COMPANY, LLC, dba LINEN N' THINGS, INC. ("LNT") (the word "Goods" is defined below).

2.      The shipment of the Goods was made pursuant to an agreement with UPS entitled "FORWARDER'S CARGO RECEIPT TERMS AND CONDITIONS FOR CONSOLIDATION AND/OR RECEIPT." There were several shipments of Goods, and each shipment contained a sepa-rate document with that title. One of the documents with such title is attached hereto as **Exhibit A**. Pursuant to the agreement, UPS took possession of the Goods at a seaport in China and was to deliver them to various LNT distribution centers in the United States. UPS had control over the Goods from the time UPS took delivery of them in China until they were delivered to LNT distribution centers in the United States.

3.      When LNT did not submit timely payment for those Goods, Yotrio on April 25, 2008 filed a lawsuit in Alameda County Superior Court against LNT and UPS entitled <u>Yotrio v. LNT, et al</u> Case No. RG 08384043. On April 29, 2008, Yotrio obtained a Temporary Restraining Order and Or-der to Show Cause Re Preliminary Injunction ("Preliminary Injunction") against UPS, a copy of which is attached hereto as **Exhibit B**. The Preliminary Injunction enjoined UPS from "transferring any inventory UPS has received from YOTRIO... to LNT, pending trial in this action." 1:28 – 2:1 – 2.

4.      Yotrio believes that, as of the date of the Preliminary Injunction's issuance, UPS had in its possession or control goods with a value of about $395,597.55. Those are goods that were in-transit from China to LNT's distribution centers. Specifically, UPS had inventory relating to the fol-lowing purchase orders:

| <u>Date:</u> | <u>P.O. #:</u> | <u>Amount:</u> |
|------|------|------|
| 04/08/2008 | 1163859 | $ 30,178.50 |
| 04/08/2008 | 1206073 | $ 15,163.00 |
| 04/08/2008 | 1206072 | $ 28,025.00 |

| | | | |
|---|---|---|---|
| 1 | 04/08/2008 | 1163760 | $ 11,538.45 |
| 2 | 04/08/2008 | 1163850 | $ 12,773.50 |
| 3 | 04/08/2008 | 1163861 | $ 7,375.00 |
| 4 | 04/08/2008 | 1163860 | $ 8,407.50 |
| 5 | 04/08/2008 | 1163855 | $ 24,721.00 |
| 6 | 04/08/2008 | 1163764 | $ 13,855.05 |
| 7 | 04/08/2008 | 1206075 | $ 13,360.25 |
| 8 | 04/08/2008 | 1206070 | $ 13,865.00 |
| 9 | 04/08/2008 | 1206071 | $ 19,676.50 |
| 10 | 04/11/2008 | 1163853 | $ 21,712.00 |
| 11 | 04/11/2008 | 1163763 | $ 16,260.75 |
| 12 | 04/11/2008 | 1163858 | $ 43,247.00 |
| 13 | 04/11/2008 | 1163863 | $ 14,248.50 |
| 14 | 04/11/2008 | 1163762 | $ 22,720.55 |
| 15 | 04/11/2008 | 1163857 | $ 78,470.00 |
| 16 | | Total: | $ 395,597.55 |

16    The above inventory is referred to herein as the "Goods".

17        5.    In a letter of April 29, 2008, Plaintiff sent the Preliminary Injunction to UPS. In that

18 letter Plaintiff indicated UPS's "immediate and full compliance with the court order is expected."

19 (emphasis in original) A copy of that letter is attached hereto as **Exhibit C**. UPS acknowledged re-

20 ceipt of that letter because shortly after it was sent Jonathan Jordan of the King & Spalding law firm,

21 counsel for UPS, contacted counsel for Plaintiff. Because of such contact, Plaintiff sent to Mr. Jordan

22 the Summons, Complaint, and other documents in a letter of April 30, 2008, that is attached hereto as

23 **Exhibit D**.

24        6.    LNT removed the Alameda County Superior case to this court on the grounds of diver-

25 sity jurisdiction. Then, on May 2, 2008, LNT filed for bankruptcy in United States Bankruptcy Court

26 for the District of Delaware. On that same day LNT filed a "Notice of Automatic Stay" in this action

27 as to proceedings against LNT (that Notice is Document No. 16 in the Court's file for this matter).

28        7.    This case will now proceed against UPS.

8.    Because of the long distance between China and LNT's distribution centers, UPS was required to receive instructions to stop the delivery of Goods, and to advise Yotrio of the status of Goods once Yotrio instructed UPS to stop delivery. UPS was obligated to listen to Yotrio's concerns about the shipment of the Goods and respond to – and address - those concerns.

9.    UPS breached its obligations by wrongfully delivering the Goods to LNT or, alternatively, by retaining the Goods in its possession in a manner that deprives Yotrio of control and beneficial enjoyment of the Goods. Despite Yotrio's instructions to UPS to stop shipment of the Goods, UPS has been uncooperative. Plaintiff Yotrio is informed and believes that UPS has delivered the Goods to LNT.

10.    Yotrio has suffered damages as a result because it has not received anything of value in exchange for the Goods. Yotrio no longer has control over the Goods, which rightfully belong to it. UPS has engaged in this conduct despite the fact that it represented to Yotrio that Yotrio could stop shipment of Goods if it notified UPS of a request to stop shipment.

11.    Plaintiff may file this amended pleading as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(A) because UPS has not served a responsive pleading on Plaintiff.

## JURISDICTION & VENUE

12.    Diversity jurisdiction exists in this case for the reasons established in LNT's removal of the action to Federal Court. The value of the Goods in question exceeds $395,597.55. Thus, the amount in controversy substantially exceeds the jurisdictional minimum of this court.

13.    Venue is proper because none of the parties have contested venue despite the prosecution of proceedings in this matter.

## PARTIES

14.    Plaintiff Yotrio is a California Corporation doing business in Emeryville, California.

15.    On information and belief, at all relevant times defendant UPS was incorporated in Ohio, had its principal place of business in Atlanta, Georgia, and actively sought business and conducted extensive business in Emeryville, California.

## FIRST CLAIM FOR BREACH OF CONTRACT

(against UPS)

SCHEIN & CAI, LLP
SAN JOSE, CALIFORNIA

– 4 –

Case 3:08-cv-02199-SI    Document 22    Filed 08/06/2008    Page 5 of 21

16.    Plaintiff incorporates all paragraphs above and below as if set forth in full herein.

17.    Yotrio and UPS entered into a contract attached hereto as **Exhibit A**.

18.    Yotrio did all, or substantially all, of the significant things that the contract required it to do or it was excused from doing those things because of UPS's wrongful failure to follow Yotrio's directions with respect to the Goods shipped.

19.    All conditions required by the contract for UPS's performance occurred because it had taken possession of the Goods and undertook to ship them, or to coordinate the shipment of, the Goods.

20.    UPS failed to follow Yotrio's instructions to stop shipment of the Goods.

21.    Yotrio was harmed by that failure because the Goods were destined to LNT, which has declared bankruptcy. Accordingly, Yotrio has not been paid amounts to in connection with those Goods.

### SECOND CLAIM FOR BREACH OF IMPLIED COVENANT
### OF GOOD FAITH & FAIR DEALING
#### (against UPS)

22.    Plaintiff incorporates all paragraphs above and below as if set forth in full herein.

23.    The law implies a covenant of good faith and fair dealing into the contractual relationship between UPS and Yotrio. It is reasonable for UPS to be required to be responsive to Yotrio's concerns about the delivery of the Goods because UPS is a common carrier to which Yotrio entrusted Goods with substantial value. Such responsiveness is especially reasonable because of the long distance between China and LNT's distribution centers. Thus, it is reasonable that UPS be required to receive instructions to stop the delivery of Goods, and to advise Yotrio of the status of the shipped Goods. Accordingly, there existed between UPS and Yotrio an implied covenant that UPS would listen to Yotrio's concerns about the shipment of the Goods and respond to – and address – those concerns.

24.    UPS breached that covenant by wrongfully delivering the Goods to LNT or, alternatively, by retaining the Goods in its possession in a manner that deprives Yotrio of control over – and beneficial enjoyment of – the Goods.

25. Yotrio has suffered damages as a result because it has not received anything of value in exchange for the Goods.

### THIRD CLAIM FOR BREACH OF IMPLIED WARRANTY

#### (against UPS)

26. Plaintiff incorporates all paragraphs above and below as if set forth in full herein.

27. Because of the course of dealing and the standards within the shipping industry, an implied warranty existed between UPS and Yotrio. UPS impliedly warranted that it would not ignore Yotrio's instructions. Furthermore, UPS impliedly warranted that it would not deliver the Goods in a manner that would deprive Yotrio of its beneficial interest in the Goods without any compensation. In addition, UPS impliedly warranted that it would communicate with Yotrio concerning the status of the shipment of the Goods by, for example, informing Yotrio of the location of the Goods.

28. UPS breached that warranty by wrongfully delivering the Goods to LNT or, alternatively, by retaining the Goods in its possession in a manner that deprives Yotrio of control over the Goods.

29. Yotrio has suffered damages as a result because it has not received anything of value in exchange for the Goods.

### FOURTH CLAIM FOR NEGLIGENCE

#### (against UPS)

30. Plaintiff incorporates all paragraphs above and below as if set forth in full herein.

31. UPS owed Yotrio a duty of care because of its representations to Yotrio and because it took Yotrio's valuable property into its possession and control. As such, damage to Yotrio on account of the loss of the Goods was entirely foreseeable by UPS.

32. UPS breached its duty of care by refusing to stop delivery of Goods that were destined to LNT, which has declared bankruptcy. UPS also breached its duty by not being responsive to Yotrio's concerns about the shipment of the Goods.

33. Yotrio was harmed because it did not obtain anything of value in exchange for the Goods. Yotrio no longer has possession, custody or control of the Goods.

SCHEIN & CAI, LLP
SAN JOSE, CALIFORNIA

– 6 –

YOTRIO INTERNATIONAL LLC'S FIRST AMENDED COMPLAINT AGAINST UNITED PARCEL SERVICE, INC., ET

34.     UPS's acts were a substantial factor in causing Yotrio's harm because UPS was re-sponsible for shipping Yotrio's Goods.  UPS failed to halt shipment of those Goods, and that is why Yotrio no longer has control over the Goods, nor did Yotrio obtain value in exchange for the Goods.

### FIFTH CLAIM FOR NEGLIGENT MISREPRESENTATION

(against UPS)

35. .   Plaintiff incorporates all paragraphs above and below as if set forth in full herein.

36.     UPS represented to Yotrio that the shipment of the Goods could be halted.  UPS further represented that it would not ship Goods in a manner that would deprive Yotrio of its control over the Goods, and beneficial enjoyment thereof, without the consent of Yotrio.  Furthermore, UPS repre-sented that it would be responsive to issues raised by Yotrio with respect to the shipment of the Goods.

37.     Those representations were not true.  UPS was not in fact responsive to Yotrio's inquir-ies regarding the shipment of the Goods to UPS.

38.     UPS had no reasonable grounds for believing its representations were true when it made them because UPS clearly did not act in accordance with those representations.  UPS repre-sented it would act to further Yotrio's business by shipping the Goods in a professional and reasonable manner, and then UPS itself did not do so.

39.     UPS intended that Yotrio rely on its representations so that Yotrio would conduct busi-ness with UPS and pay UPS in connection with that service.

40.     Yotrio reasonably relied on UPS's representations by shipping Goods with UPS.  Plain-tiff Yotrio is informed and believes that UPS ships a large number of goods.  In addition, UPS compe-tently handled the delivery of certain goods shipped by Yotrio.  Accordingly, Yotrio's reliance on UPS's representations was reasonable.

41.     UPS did not stop shipment of the Goods when it was ordered to stop that shipment.  Al-ternatively, UPS has retained possession of the Goods while depriving Yotrio of the control and bene-ficial enjoyment of the Goods, which rightfully belong to Yotrio.  Thus, UPS did not perform in ac-cordance with its representations.  Furthermore, UPS has been unresponsive.

SCHEIN & CAI, LLP
SAN JOSE, CALIFORNIA

YOTRIO INTERNATIONAL LLC'S FIRST AMENDED COMPLAINT AGAINST UNITED PARCEL SERVICE, INC., ET
AL

42.    Yotrio was harmed because UPS has deprived it of control and beneficial enjoyment of the Goods.

43.    Yotrio's reliance on UPS's representations was a substantial factor in causing its harm because Yotrio gave UPS custody and control over the Goods.

### SIXTH CLAIM FOR FRAUD – FALSE PROMISE

#### (against UPS)

44.    Plaintiff incorporates all paragraphs above and below as if set forth in full herein.

45.    UPS promised Yotrio that the shipment of the Goods could be halted.  UPS further represented that it would not ship Goods in a manner that would deprive Yotrio of its control over the Goods, and beneficial enjoyment thereof, without the consent of Yotrio.  In addition, UPS represented that it would be responsive to issues raised by Yotrio with respect to the shipment of the Goods.

46.    Those promises were important to the shipment of Goods because of the long distance between China and the final destination of the products and because of the risks that occur during that lengthy shipment.

47.    UPS did not intend to perform its promises when it made them.

48.    UPS intended that Yotrio rely on its promises.

49.    Yotrio reasonably relied on UPS's promises by shipping the Goods through UPS.

50.    UPS did not stop shipment of the Goods when it was ordered to stop that shipment.  Alternatively, UPS has retained possession of the Goods while depriving Yotrio of the control and beneficial enjoyment of the Goods, which rightfully belong to Yotrio.  Thus, UPS did not perform in accordance with its representations.  Furthermore, UPS has been unresponsive.

51.    Yotrio was harmed because UPS has deprived it of control and beneficial enjoyment of the Goods.

52.    Yotrio's reliance on UPS's representations was a substantial factor in causing its harm because Yotrio gave UPS custody and control over the Goods.

### SEVENTH CLAIM FOR BREACH OF U.C.C. SECTION 2-705

#### (against UPS)

53.    Plaintiff incorporates all paragraphs above and below as if set forth in full herein.

1    54.    Plaintiff had a right to stop deliver of the Goods under Uniform Commercial Code Sec-
2  tion 2-705 because the goods were in the possession of UPS when Plaintiff discovered LNT was in-
3  solvent.

4    55.    Plaintiff notified UPS that it was to stop delivery of the Goods. After such notice, UPS
5  was obligated to stop delivery of the goods and hold them.

6    56.    Instead of holding the Goods, Plaintiff is informed and believes that UPS breached its
7  obligations to Plaintiff by delivering the Goods to a bankrupt LNT.

8    57.    Plaintiff has suffered damages in an amount that includes the value of the Goods.
9  Those damages were legally caused by UPS's breach of its obligations under U.C.C. Section 2-705.

10  <center>**PRAYER FOR RELIEF**</center>

11    WHEREFORE, plaintiff prays for judgment against defendant as follows:

12    As to the First Claim for BREACH OF CONTRACT:

13        General, consequential, and compensatory damages according to proof at trial of at
14  least $395,597.55;

15        Prejudgment interest at the applicable legal rate on sums due;

16        Costs of suit;

17        Such other and further relief as may be just and proper.

18    As to the Second Claim for BREACH OF IMPLIED COVENANT OF GOOD FAITH &
19  FAIR DEALING:

20        General, consequential, and compensatory damages according to proof at trial of at
21  least $395,597.55;

22        Prejudgment interest at the applicable legal rate on sums due;

23
        Costs of suit;
24
25        Such other and further relief as may be just and proper.

26    As to the Third Claim for BREACH OF IMPLIED WARRANTY:

27        General, consequential, and compensatory damages according to proof at trial of at
28  least $395,597.55;

1      Prejudgment interest at the applicable legal rate on sums due;

2      Costs of suit;

3      Such other and further relief as may be just and proper.

4  As to the Fourth Claim for NEGLIGENCE:

5      General, consequential, and compensatory damages according to proof;

6      Costs of suit incurred, including costs of investigation and court costs;

7      Interest on sums due;

8

9      Costs of suit;

10      Such other and further relief as may be just and proper.

11  As to the Fifth Claim for NEGLIGENT MISREPRESENTATION:

12      General, consequential, and compensatory damages according to proof;

13      Costs of suit incurred, including costs of investigation and court costs;

14      Interest on sums due;

15      Costs of suit;

16      Such other and further relief as may be just and proper.

17  As to the Sixth Claim for FRAUD – FALSE PROMISE:

18      General, consequential, and compensatory damages according to proof;

19      Costs of suit incurred, including costs of investigation and court costs;

20      Interest on sums due;

21      Punitive damages;

22      Costs of suit;

23      Such other and further relief as may be just and proper.

24  As to the Seventh Claim for BREACH OF U.C.C. SECTION 2-705:

25      General, consequential, and compensatory damages according to proof;

26      Costs of suit incurred, including costs of investigation and court costs;

27      Interest on sums due;

28      Costs of suit;

1   Such other and further relief as may be just and proper.

2   **JURY DEMAND**

3   Yotrio requests a jury trial on all questions of fact raised by its complaint.

4

5   Dated: July 31, 2008                    Respectfully submitted,

    SCHEIN & CAI, LLP

6

7

8                                          By:    /s/   Jonathan Van Ee

9                                          Jonathan Van Ee
                                           Attorneys for Plaintiff
10                                         YOTRIO INTERNATIONAL, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Case 3:08-cv-02199-SI    Document 22    Filed 08/06/2008    Page 13 of 21

**UPS Supply Chain Solutions™**    OTI License No. 275F

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. | | CARGO RECEIPT NO. |
|---|---|---|---|---|
| TAIZHOU YONGHANG ARTS & CRAFTS CO.,LTD NO.1 QIANJIANG SOUTH ROAD,LINHAI CITY, ZHEJIANG PROVINCE P.R.CHINA 317000 | | | | 76552705 |

| EXPORT REFERENCES | DATE OF RECEIPT OF CARGO |
|---|---|
| | 4/11/2008 |

**CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)**
LNT MERCHANDISING CO .,LLC
6 BRIGHTON ROAD
CLIFTON,NJ,07015
UNITED STATES

**THIS IS NOT A DOCUMENT OF TITLE.**
**UPS SUPPLY CHAIN SOLUTIONS, INC.**
Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared. Declared Value is:

**NOTIFY PARTY (COMPLETE NAME AND ADDRESS)**
UPS SUPPLY CHAIN SOLUTIONS
2031 S. CENTENNIAL AVE STE 100
AIKEN,SC .29803

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER | EXPORT LICENSE NO. |
|---|---|---|
| | | |

| EXPORT CARRIER (VESSEL/VOYAGE) | PORT OF LOADING | |
|---|---|---|
| HYUNDAI COMMODORE 166E | NINGBO,CHINA | |

| PORT OF DISCHARGE | PLACE OF DELIVERY BY ON CARRIER | NUMBER OF ORIGINALS |
|---|---|---|
| LOS ANGELES,CA | SHEPHERDSVILLE,KY | THREE |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS &NOS./CONTAINER NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| DISTRIBUTION CENTER NUMBER: P.O. NUMBER: DEPARTMENT NUMBER: UPC NUMBER: CASE PACK QUANTITY GROSS WEIGHT(KG): NET WEIGHT(KG): COUNTRY OF ORIGIN PRE-TICKETED | 510 CTNS | 10' CANTILEVER UMBRELLA PO#001163762 1340PC1 CTNSNTTH042/4362/028387-WELL CV DOOR | 8670  KGS | 58.384 CBM |
| | | NON- | ON BOARD DAT  4/11/2008 | |
| | | | FREIGHT  COLLECT | |
| | | THIS SHIPMENT CONTAINS NO WOOD PACKING MATERIAL. SAY: FIVE HUNDRED AND TEN CTNS ONLY | | |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only.

In accordance with Instruction from Buyer, we have received the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | 1 | 1 |
| PACKING LIST | 1 | 1 |
| DOCS RECEIVED DATE | 04-11 | |
| | 7 | |

This shipment will be handled subject to the terms set forth here and on the reverse of this document which are incorporated here by reference. These Terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.
As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

Issued by _____ NINGBO,CHINA

Month ___Apr___ Day ___11___ Year ___2008___

Case 3:08-cv-02199-SI    Document 22    Filed 08/06/2008    Page 14 of 21

**FORWARDER'S CARGO RECEIPT**
**TERMS AND CONDITIONS FOR CONSOLIDATION AND/OR RECEIPT**

1. This Agreement is a contract for consolidation and/or receipt of the packages and goods as described on the face side hereof ("the cargo".) It is not a contract of carriage or a negotiable title document. It is issued by, or on behalf of, the entity identified in the box in the bottom right hand corner of the face side hereof being UPS Supply Chain Solutions, Inc. or one of its affiliates, at UPS SUPPLY CHAIN SOLUTIONS, INC., or its affiliates (hereinafter ... UPS SCS ...) The shipper/ exporter, consignee or other cargo owner agrees that UPS SCS is acting only as a consolidator and/or receiver of the cargo and does not thereby assume any liability or responsibility as a carrier and UPS SCS does not thereby hold itself out as a common carrier or as a contracting carrier, or as an indirect air carrier, NVOCC or ocean common carrier. UPS SCS is not acting as a carrier, transporter or distributor of the cargo when it is issuing receipt of the cargo. The responsibility and liability of UPS SCS for loss or damage to the cargo shall be limited to that period of time during which UPS SCS, its employees, agents or subcontractors have exclusive custody of the cargo. The shipper/ exporter, consignee or other cargo owner agrees that, after the delivery by UPS SCS to a carrier or carrier's agent or servant, the sole responsibility and liability for the care, custody, carriage and delivery of the cargo shall be that of said carrier and not that of UPS SCS. UPS SCS hereby authorized and undertakes only to forward the cargo and/or otherwise arrange for the shipment and transportation of the cargo by inland, water, or air carriers in accordance with the instructions of the shipper/ exporter, consignee or other cargo owner (or, if no instructions are given, according to UPS SCS's judgment), as the agent of the shipper/ exporter, consignee or other cargo owner. The shipper/ exporter, consignee or other cargo owner acknowledges that it shall be bound by the terms and conditions of the transportation agreements of the carriers into whose custody the cargo may be forwarded.

2. The United States Carriage of Goods by Sea Act, 46 U.S.C. App. §§ 1300, et seq. (COGSA) and the Pomerene Act, 49 U.S.C. §§ 80101, et seq. are incorporated by reference into this Forwarder's Cargo Receipt and apply to it as if they were set forth in full in this document, provided however, that the $0.50 per pound limitation of liability as described in paragraph 3 shall apply to any claims for loss or damage to the cargo occurring during the period of time when UPS SCS, its employees, agents or contractors have exclusive custody of the cargo and until delivery by UPS SCS to a carrier or carrier's agent or servant, UPS SCS's liability, if any, for loss or damage relating to loading, delivery or the forwarder and/or its delivery relating to the cargo shall be limited to $50 per shipment, transaction or event, whichever is smaller, but for any loss or damage to the cargo is limited to $0.50 per pound unless a higher value is declared in the box provided for that purpose on the face hereof and the higher charge paid. In no event shall UPS SCS be liable for any special, incidental or consequential damages, including, but not limited to, loss of profits or income, whether or not UPS SCS had knowledge that such damages might be incurred.

4. UPS SCS shall not be required to secure export licenses, quota clearances or any other government consent in respect to the import or export of the cargo, unless otherwise agreed in writing.

5. UPS SCS shall have a lien upon all cargo in its possession or control in respect of all amounts payable to UPS SCS or its affiliates by or on behalf of the shipper/ exporter, consignee or other cargo owner, including but not limited to: transportation charges, storage charges, detention charges, haulage charges, lighterage charges, stuffing and unstuffing costs, other handling charges, and brokerage fees.

6. Cargo is not insured by UPS SCS, and storage and other rates charged by UPS SCS do not include insurance unless so agreed in writing.

7. Unless notice of apparent loss or damage and the general nature of this loss or damage is given in writing to UPS SCS before or at the time of the removal of the cargo into the custody of the person entitled to receive them from UPS SCS, such receipt shall be prima facie evidence of the delivery in good order and condition by UPS SCS. If the loss or damage is not apparent at the time of receipt of the cargo from UPS SCS, failure to give written notice of the loss or damage within three (3) consecutive days after delivery shall constitute prima facie evidence of delivery in good condition. UPS SCS shall be discharged from all liability in contract, tort or otherwise in respect of loss, damage, delay, misdelivery or conversion unless suit is commenced within twelve (12) months after the time the cause of action giving rise to the claim arose. Investigating, negotiating or otherwise dealing with claims by UPS SCS or its legal advisers or representatives shall not be deemed a waiver of the foregoing provision.

8. The terms and conditions of this Agreement shall be severable. In the event that any part or term hereof is invalid or unenforceable, the validity or enforceability of any other part shall not be affected..

9. This Agreement shall be governed by the federal law of the United States, or, if federal law is not applicable, by the law of the State of New York, notwithstanding that law's choice of law rules; and all claims or disputes or questions arising from this Agreement, including those relating to limitation of liability, shall be determined in the United States District Court for the Southern District of New York, which shall have exclusive jurisdiction over all disputes arising under this Agreement to the exclusion of any and all other courts. If the United States District Court for the Southern District of New York does not have subject matter jurisdiction over the dispute, the dispute will be determined in a New York State court within the Borough of Manhattan, County of New York. All claims hereunder must be filed against UPS SCS, care of UPS Supply Chain Solutions, 12380 Morris Road, Alpharetta, Georgia 30005, Attention: Claims Department. Service of process for suits must be filed against UPS SCS, care of CT Corporation Systems at the below address. They will be deemed filed when they are received by CT Corporation Systems at the following address: CT Corporation Systems, 111 Eighth Avenue, New York, New York, 10011.

Issued by

Month        Day        Year

#2701304_v4

[rev. 05/05]

# EXHIBIT B

R CO

FILED
ALAMEDA COUNTY

APR 2 9 2008

CLERK OF THE SUPERIOR COURT
By _____
Deputy

James Cai   Bar Number 200189
SCHEIN & CAI, LLP
100 Century Center Court, Suite 315
San Jose, CA 95112
(408) 436-0789      Phone
(408) 436-0758      Facsimile

Attorney for Plaintiff,
YOTRIO INTERNATIONAL, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

| | |
|---|---|
| YOTRIO INTERNATIONAL, LLC | Case Number:   RG 08 384043 |
| Plaintiffs, | [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |
| vs. | |
| LNT MERCHANDISING COMPANY, LLC,, dba LINEN N' THINGS, INC., UNITED PARCEL SERVICE, INC., dba UPS SUPPLY CHAIN SOLUTIONS, INC., AND DOES 1 through 50, INCLUSIVE | Reservation Number: 823637 |
| Defendants | Date:      4/29/2008<br>Time:      9:00 a.m<br>Dept:      30<br>Judge:     Hon. Kenneth Mark Burr |

**ORDER TO SHOW CAUSE:**

To:   LNT MERCHANDISING COMPANY, LLC. dba LINEN N' THINGS, INC.

("LNT")

Based upon the complaint filed in this action and the declaration of Kari Liu, you are

ordered to appear on May 8, 2008 at 1:30 in Department 30 of this Court located at

201 13th Street in Oakland, California, to show cause why a preliminary injunction should not be

ordered restraining and enjoining UNITED PARCEL SERVICE, its employees employees.

agents or any other persons acting with it or in its behalf from transferring any inventory UPS

[Proposed] Order re:   TRO             1             RG 08 38404.

1    has received from YOTRIO INTERNATIONAL LLC ("YOTRIO") to LNT, pending trial in this

2    action.

**TEMPORARY RESTRAINING ORDER:**

4         Pending hearing on the Order to Show Cause, United Parcel Service, its employees,

5    agents or any other persons acting with it or in its behalf are to be restrained from transferring

6    any inventory UPS has received from YOTRIO INTERNATIONAL LLC ("YOTRIO") to LNT

**IT IS FURTHER ORDERED THAT:**

8         This Order to Show Cause and Temporary Restraining Order shall be served on

9    defendants LNT and UPS through their corporate counsel. or litigation counsel, once they

10   engage same.  Proof of such service shall be filed at least _8_ days prior to the hearing.

11        Any Opposition papers to the Order to Show Cause shall be filed and served on plaintiff

12   by facsimile transmission [(408) 436-0758] or overnight mail no later than _5_ days before the

13   hearing.  Any reply papers to the opposition shall be filed and served on defendant by either

14   facsimile transmission or overnight mail no later than __ days before the hearing.

15        This restraining order granted shall expire on December 31. 2008 or until the Court so

16   directs.

17   Dated: 4-29-08

18

19

20                              _SM Burr_

21                              JUDGE OF THE SUPERIOR COURT

22

23

24

25

26

27

28

[Proposed] Order re: TRO                 2                    RG 08 384043

# EXHIBIT C

# SCHEIN & CAI LLP

100 CENTURY CENTER COURT, SUITE 315
SAN JOSE, CA 95112
TELEPHONE 408.436.0789
FACSIMILE 408.436 0758

April 29, 2008

General Manager
UNITED PARCEL SERVICE
55 Glendale Parkway, NE
Atlanta, GA   30328
(404) 828-6000   Phone
(404) 828-6912   Facsimile

Re: Yotrio v LNT
    Case Number:  RG 08 384043

Dear Sir/Madam

Enclosed, please find a copy of the Temporary Restraining Order obtained this morning, concerning inventory of YOTRIO INTERNATIONAL, LLC in the possession of UPS   UPS is ordered to retrain from transferring any inventory received from YOTRIO to LNT Merchandising Company LLC dba Linen N' Things, Inc. ("LNT")   Your immediate and full compliance with the court order is expected.  If you have any questions about the information listed above, please do not hesitate to contact me at the telephone number listed above

Very truly yours,

James Cai

Encl.

# EXHIBIT D

# SCHEIN & CAI LLP

100 CENTURY CENTER COURT – SUITE 315
SAN JOSE, CALIFORNIA 95112-4535
TELEPHONE: (408) 436-0789
FACSIMILE : (408) 436-0758
WWW.SACATTORNEYS.COM

April 30, 2008

**VIA FACSIMILIE & US MAIL**
Mr. John Jordan, Esq.
KING & SPALDING
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Fax: (404) 572-5100

      Re:  Yotrio International, LLC v. LNT Merchandising Co. LLC. et al.
            Alameda County Superior Court Case No.: RG08384043
            US District Court, Northern District of California Case No.: 08-02199

Dear Mr. Jordan:

    Enclosed please find:

      1.)  Notice and Acknowledgement of Receipt-Civil;

      2.)  Summons;

      3.)  Civil Case Cover Sheet;

      4.)  Complaint.

    Please sign and return the enclosed Notice and Acknowledgement of Receipt, a self addressed stamped envelope is enclosed for your convenience.

    If you have any questions, please do not hesitate to call me at (408) 436-0789.

                    Very truly yours,
                    SCHEIN & CAI LLP

                    James Cai
                    Attorney at Law

JC/ec
Encl.