| | |
|---|---|
| 1 | DILLINGHAM & MURPHY, LLP |
| | JACK C. HENNING (SBN 139659) |
| 2 | BARBARA L. HARRIS CHIANG (SBN 206892) |
| | 225 Bush Street, 6th Floor |
| 3 | San Francisco, California 94104 |
| | Telephone:     (415) 397-2700 |
| 4 | Facsimile:     (415) 397-3300 |
| | Email: jch@dillinghammurphy.com |
| 5 |         bhc@dillinghammurphy.com |
| 6 | KING & SPALDING LLP |
| | JONATHAN W. JORDAN (Georgia SBN 404874, *Pro Hac Vice* Pending) |
| 7 | 1180 Peachtree Street |
| | Atlanta, Georgia 30309 |
| 8 | Telephone:     (404) 572-4600 |
| | Facsimile:     (404) 572-5129 |
| 9 | Email: JJordan@KLSAW.com |
| 10 | Attorneys for Defendants |
| | UNITED PARCEL SERVICE, INC. and |
| 11 | UPS SUPPLY CHAIN SOLUTIONS, INC. |

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 14 | YOTRIO INTERNATIONAL, LLC, | Case No.: 3:08-cv-02199-SI |
| 15 | Plaintiff, | UNITED PARCEL SERVICE, INC. AND UPS SUPPLY CHAIN SOLUTIONS, |
| 16 | v. | INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER |
| 17 | LNT MERCHANDISING COMPANY, LLC, dba LINEN N' THINGS, INC., UNITED | VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) AND FOR |
| 18 | PARCEL SERVICE, INC. dba SUPPLY CHIN SOLUTIONS, INC., and DOES 1 | FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) |
| 19 | through 50, inclusive, | |
| 20 | Defendants. | Date:         October 10, 2008 |
| | | Time:         9:00 AM |
| 21 | | Courtroom:  10 |
| | | The Hon. Susan Illston |

# TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION TO DISMISS ........ 1

BRIEF IN SUPPORT OF MOTION TO DISMISS ........ 1

I.     SUMMARY OF ARGUMENT ........ 2

II.    ARGUMENT ........ 3

     A.     BECAUSE A VALID, ENFORCEABLE FORUM SELECTION CLAUSE GOVERNS THIS CASE, THE CASE SHOULD BE DISMISSED WITHOUT PREJUDICE TO REFILE BEFORE THE CORRECT COURT. ........ 3

         1.     *The Forum Selection Clause Should Be Enforced.* ........ 4

         2.     *Yotrio's Contract-Related Tort Claims Should be Dismissed for Improper Venue.* ........ 5

     B.     YOTRIO HAS NOT PLEADED BREACH OF ANY DUTY OF GOOD FAITH AND FAIR DEALING. ........ 7

         1.     *The Forwarding Agreement Implies No Duty to Halt Shipments of Goods.* ........ 7

         2.     *UPS-SCS Breached No Duty Pleaded by Yotrio.* ........ 8

     C.     COUNT THREE SHOULD BE DISMISSED BECAUSE THERE IS NO "IMPLIED WARRANTY" UNDER THE FORWARDING AGREEMENT. ........ 9

     D.     COUNT FOUR SHOULD BE DISMISSED BECAUSE UPS-SCS BREACHED NO LEGAL DUTY TO YOTRIO; UPS-SCS's LEGAL DUTIES WERE BOUND UP IN THE FORWARDING AGREEMENT. ........ 9

     E.     COUNT FIVE SHOULD BE DISMISSED BECAUSE YOTRIO HAS NOT PLEADED REASONABLE RELIANCE, IT HAS NOT PLEADED A MISREPRESENTATION OF FACT, AND IT HAD NOT PLEADED ITS CLAIMS WITH PARTICULARITY AS REQUIRED BY RULE 9(b). ........ 10

     F.     COUNT SIX SHOULD BE DISMISSED BECAUSE YOTRIO HAS NOT PLEADED THAT IT TOOK ANY ACTION IN RELIANCE UPON ANY FALSE PROMISE OF UPS-SCS, AND BECAUSE YOTRIO FAILED TO PLEAD FALSE PROMISE WITH PARTICULARITY. ........ 11

     G.     COUNT SEVEN SHOULD BE DISMISSED BECAUSE YOTRIO HAD NOT PLEADED THAT A DOCUMENT OF TITLE HAD NOT BEEN ISSUED. ........ 12

    H.    UPS SHOULD BE DISMISSED BECAUSE IT IS NOT THE PROPER PARTY TO THIS CASE. .................................................. 14

III.    CONCLUSION .................................................................................. 14

**TABLE OF AUTHORITIES**

**Cases**

*Atlantic Richfield Co. v. Ramirez*
  176 F.3d 481, 1999 WL 273241 (9th Cir. May 4, 1999)..................................................11

*Branch v. Tunnell*
  14 F.3d 449 (9th Cir. 1994)..............................................................................................3

*Capital Source Finance, LLC v. Delco Oil, Inc.*
  2007 WL 3119775 (D. Md. Sept. 17, 2007),....................................................................5

*Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*
  2 Cal. 4th 342, 374 (1992)...........................................................................................6, 7

*City Serv. Contracting, Inc. v. Olsen Servs. Corp.*
  2002 WL 2027182 (Cal. App. Sept. 4, 2002)...................................................................9

*Fox v. Pollack*
  181 Cal.App.3d 954 (1986)............................................................................................10

*Hendricks v. Bank of America, N.A.*
  408 F.3d 1127 (9th Cir. 2005),.........................................................................................4

*M/S Bremen v. Zapata Off-Shore Co.*
  407 U.S. 1 (1972).............................................................................................................4

*Manetti-Farrow, Inc. v. Gucci America, Inc.*
  858 F.2d 509 (9th Cir. 1988),...........................................................................................6

*Moore v. Kayport Package Express, Inc.*
  885 F.2d 531 (9th Cir. 1989),.........................................................................................11

*N.L. Industries, Inc. v. Kaplan*
  792 F.2d 896 (9th Cir. 1986)............................................................................................3

*Nagrampa v. MailCoups, Inc.*
  468 F.3d 1257 (9th Cir. 2006),.........................................................................................4

*New Hampshire Ins. Co. v. Ridout Roofing Co.*
  (1998) 68 Cal.App.4th 495..............................................................................................7

*Phoenix Capital Invs., LLC v. Ellington Mgt. Group, LLC*
  859 N.Y.S.2d 46 (N.Y. App. 2008).................................................................................8

*Price v. Wells Fargo Bank*
  (1989) 213 Cal.App.3d 465.............................................................................................7

*Richards v. Lloyd's of London*
  135 F.3d 1289 (9th Cir. 1998).........................................................................................5

*Roberts v. Ball, Hunt, Hart, Brown & Baerwitz*
  57 Cal. App. 3d 104 (1976)...........................................................................................12

*Sackett v. Wyatt*
  32 Cal.App.3d 592 (Cal. App. 1973)..................................................................................... 12

*Seth Dallob Enterps. v. Pomona Unified School Dist.*
  2008 WL 2807230 (Cal. App. July 22, 2008):........................................................................ 7

*Shwarz v. United States*
  234 F.3d 428 (9th Cir. 2000) ................................................................................................. 3

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*
  (2002) 100 Cal.App.4th 44 .................................................................................................... 7

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
  2 Cal. App. 4th 153 (1991).................................................................................................. 12

*Third Story Music, Inc. v. Waits*
  (1995) 41 Cal.App.4th 798 .................................................................................................... 7

*Town of Poughkeepsie v. Espie*
  840 N.Y.S.2d 600 (N.Y. App. 2007)...................................................................................... 9

*Victorson v. Bock Laundry Machine Co.*
  335 N.E.2d 275 (N.Y. 1975) .................................................................................................. 6

**Statutes**

Federal Rules of Civil Procedure 12(b)(3). ................................................................................. 1
Federal Rules of Civil Procedure 12(b)(6). ................................................................................. 1
11 U.S.C. § 362(a). ..................................................................................................................... 8
11 U.S.C. § 362(a)(3) ............................................................................................................... 10
U.C.C. § 2-705........................................................................................................................ 1, 2

Page iv – Case No.: 3:08-cv-02199-SI
UNITED PARCEL SERVICE, INC. AND UPS SUPPLY CHAIN SOLUTIONS, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR IMPROPER VENUE

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF YOTRIO INTERNATIONAL, LLC, AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **October 10, 2008, at 9:00 a.m.**, or as soon thereafter as counsel may be heard, in Courtroom 10, of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, 94102, defendants UPS SUPPLY CHAIN SOLUTIONS, INC. ("UPS-SCS") and UNITED PARCEL SERVICE, INC. ("UPS") (collectively "Defendants") will bring for hearing this motion, made pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss each of the claims for relief asserted against them and contained in plaintiff YOTRIO INTERNATIONAL, LLC's "First Amended Complaint Against United Parcel Service, Inc., DBA UPS Supply Chaing Solu-tions, Inc., and Does 1 Through 50, Inclusive" (the "Complaint"). Defendants' motion is made on the grounds that Yotrio has selected the improper venue and that the Complaint fails to state a claim upon which Plaintiff is entitled to relief against Defendants. The claims at issue are the following:

1. The First Causes of Action for Breach of Contract;
2. The Second Cause of Action for Breach of Implied Covenant of Good Faith & Fair Dealing;
3. The Third Cause of Action for Breach of Implied Warranty;
4. The Fourth Cause of Action for Negligence;
5. The Fifth Cause of Action for Negligent Misrepresentation;
6. The Sixth Cause of Action for Fraud; and,
7. The Seventh Cause of Action for Breach of U.C.C. Section 2-705.

By this motion, Defendants seek an order dismissing the claims pleaded against them in the First Amended Complaint. Defendants' motion is based on this notice of motion and motion, and the following brief in support of the motion.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

UPS SUPPLY CHAIN SOLUTIONS, INC. ("UPS-SCS") and UNITED PARCEL

SERVICE, INC. ("UPS") move to dismiss all claims of the first amended complaint of YOTRIO INTERNATIONAL, LLC (the "Complaint") under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## I.   SUMMARY OF ARGUMENT

This case is essentially a breach of contract lawsuit against UPS-SCS. The contract upon which plaintiff Yotrio International, LLC ("Yotrio") bases its claims contains a valid and enforceable forum selection clause that designates the United States District Court for the Southern District of New York as the exclusive venue for all disputes arising from the contract, "to the exclusion of the jurisdiction of any and all other courts."

The non-contract claims are all variations on the same breach of contract theme: they allege that UPS-SCS breached a covenant of good faith in its contractual relationship with Yotrio (count two); breach of implied warranty in the performance of its duties under the contract (count three); negligence in refusing to stop delivery of goods as provided for the contract (count four); negligent misrepresentation that it would stop delivery of goods under the contract (count five); false promise to stop shipment of goods under the contract (count six); and failure to abide by a stop delivery order under U.C.C. 2-705 (count seven). Because the duties asserted under these theories cannot contradict the terms of the contract, they require interpretation of the contract to resolve them. The Court should dismiss the complaint and allow Yotrio to file its case before the proper forum.

In addition to its failure to file this case before the proper court, Yotrio has failed to state a claim for relief on counts two (duty of good faith), three (breach of implied warranty), four (negligence), five (negligent misrepresentation), six (false promise) and seven (UCC 2-207). The good faith and implied warranty counts should be dismissed because the implied duties Yotrio alleges contradict the express terms of the contract. Negligent misrepresentation has not been properly pleaded because Yotrio does not allege that *after* the alleged misrepresentations, it relied upon those misrepresentations. Yotrio also failed to plead misrepresentation with the particularity required by Federal Rule 9(b) as interpreted by the Ninth Circuit. False promise has not been properly pleaded because Yotrio does not allege that

Yotrio relied upon any false promise; Yotrio also similarly failed to plead its claims with particularity as required by Federal Rule 9(b). Finally, the UCC 2-207 claim should be dismissed because Yotrio has not alleged all elements of a claim under this statute.

In addition to the aforementioned reasons to dismiss the case against UPS-SCS, UPS moves to dismiss on grounds that it never had any relationship, contractual or otherwise, with Yotrio.

## II.   ARGUMENT

A motion to dismiss tests the legal sufficiency of the complaint. A court properly grants a motion to dismiss when it appears from the face of the complaint, taking all factual allegations therein as true, that plaintiff is not entitled to relief. *See, e.g., N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In ruling on a motion to dismiss under Rule 12(b)(6), a court may consider the allegations of the complaint, documents attached to the complaint and incorporated by reference, and any documents referred to in the complaint whose authenticity is unquestioned and incorporated by reference. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (court ruling on Rule 12(b)(6) motion may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading"); *see also Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (on motion to dismiss court may consider documents referred to in complaint whose authenticity no party questions).

Under this standard, the Complaint, as well as its component claims, should be dismissed.

### A.   BECAUSE A VALID, ENFORCEABLE FORUM SELECTION CLAUSE GOVERNS THIS CASE, THE CASE SHOULD BE DISMISSED WITHOUT PREJUDICE TO REFILE BEFORE THE CORRECT COURT.

In its complaint, Yotrio alleges that it entered into a series of contracts with UPS-SCS (collectively, the "Forwarding Agreement"), a representative copy of which it claims is attached as Exhibit A to the complaint. (Complaint, ¶ 2) The Forwarding Agreement on which Yotrio basis its claims includes the following provision at section 9:

> This Agreement shall be governed by the federal law of the United States, or, if federal law is not applicable, by the law of the State of New York, notwithstanding that law's choice of law rules; and all claims or disputes or questions arising from this Agreement, including those relating to limitation of liability, shall be determined in the United States District Court for the Southern District of New York, which shall have exclusive jurisdiction over all disputes arising from this Agreement to the exclusion of the jurisdiction of any and all other courts.... Service of process for suits must be filed against UPS SCS, care of CT Corporation Systems at the below address. They will be deemed filed when they are received by CT Corporation Systems at the following address: CT Corporation Systems, 111 Eighth Avenue, New York, New York, 10011.

Complaint, Exhibit "A," at 2.

Yotrio served its amended complaint upon UPS-SCS at the address set forth in section 9 of the Forwarding Agreement and therefore conformed its pleadings to that portion of section 9 of the Forwarding Agreement. But it failed to file in the correct court as specified by that same section of the Forwarding Agreement.[1]

### 1. The Forum Selection Clause Should Be Enforced.

Federal courts within the Ninth Circuit respect forum selection clauses agreed to by the parties. As the Supreme Court has held, the party resisting enforcement of a forum selection clause bears "a heavy burden of proof" that the contractual forum should be avoided. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). In 2006, the Ninth Circuit held in *Nagrampa v. MailCoups, Inc.*, 468 F.3d 1257, 1287-88 (9th Cir. 2006), "forum selection clauses are valid and should be given effect unless enforcement of the clause would be unreasonable." Similarly, the Ninth Circuit opined in *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005), "we presume that the shareholder agreement's forum selection clause is prima facie valid and enforceable unless Hendricks can show that enforcement would be 'unreasonable' under the circumstances." As the Ninth Circuit observed, this rationale holds

---

[1] Without citing any statutory authority or venue facts, Yotrio generally pleads, "Venue is proper because none of the parties have contested venue despite the prosecution of proceedings in this matter." (Complaint, ¶ 13) UPS-SCS would point out that this is the first time it has been required to file a responsive pleading, and it is proper to contest venue in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) (improper venue). Other proceedings before this Court were conducted before UPS-SCS was properly served with the Complaint.

Page 4 – Case No.: 3:08-cv-02199-SI
UNITED PARCEL SERVICE, INC. AND UPS SUPPLY CHAIN SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE

true in the arena of international trade. *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) ("absent some compelling and countervailing reason [a forum selection clause] should be honored by the parties and enforced by the courts.") (quoting *Bremen*, 401 U.S. at 12).

In the present case, the parties agreed to a forum selection clause that designates the United States District Court for the Southern District of New York as the exclusive forum for resolving Yotrio's contract claims. This forum choice is a reasonable, as (a) two thirds of Yotrio's goods shipped pursuant to the Forwarding Agreement (twelve of eighteen shipments described in the Complaint) entered the United States through the Port of New York, and (b) under section 9 of the Forwarding Agreement, the parties agreed that New York state substantive law governs the contract, so the forum bears a reasonable relationship to the issues raised in Yotrio's contract claim.[2] The forum, a federal district court, provides Yotrio with precisely the same due process at it would receive from a federal district court in California, and it is the parties' agreed-upon forum. Under Ninth Circuit precedent, the parties' choice should be respected.

    2.    *Yotrio's Contract-Related Tort Claims Should be Dismissed for Improper Venue.*

Federal courts have held that where a forum selection clause mandates the dismissal of contract claims in favor of another venue, related tort claims that stem from the same contractual relationship should likewise be dismissed. In *Capital Source Finance, LLC v. Delco Oil, Inc.*, 2007 WL 3119775 (D. Md. Sept. 17, 2007), the defendant argued that although the forum selection clause governed the plaintiff's contract claims, the clause did not govern related tort claims for fraud and conversion. The district court held, "The mere fact that Plaintiff has alleged claims for fraud and conversion, rather than proceeding exclusively for breach of the Guarantee Agreement is immaterial, because the language of the forum selection clause must be read to prevent a party from artfully pleading its way around the forum selection clause." *Id.*

---

[2] Defendants contend that New York substantive law governs the contract, warranty, UCC and tort claims in this case. To the extent that the Court determines otherwise, California law is also cited in this motion.

Page 5 – Case No.: 3:08-cv-02199-SI
UNITED PARCEL SERVICE, INC. AND UPS SUPPLY CHAIN SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE

In *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988), the Ninth Circuit stated that "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." The court concluded, "because the tort causes of action alleged by Manetti-Farrow relate to 'the central conflict over the interpretation' of the contract, they are within the scope of the forum selection clause."

In this case, Yotrio's non-contract claims require interpretation of the contract. Claims of implied covenant of good faith, implied warranty, and negligence are all limited by the language of the Forwarding Agreement, since the duties of the parties are specifically set forth in that contract; if the Forwarding Agreement authorizes UPS-SCS to take or forbear from an action, that contractual right limits any claims of breach of good faith, implied warranty and negligence. *See, e.g., Victorson v. Bock Laundry Machine Co.*, 335 N.E.2d 275, 279 n.3 (N.Y. 1975) (under New York law, UCC implied warranty sounds in contract); *Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 374 (1992) ("We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement"). Similarly, Yotrio's claims of negligent misrepresentation and false promise require the Court to analyze the language of the Forwarding Agreement to see what promises and representations were set forth in that agreement, to determine whether they were broken, because UPS-SCS could not have been negligent if it took an act permitted by the Forwarding Agreement. Finally, Yotrio's claims under U.C.C. 2-705 (which set forth duties of bailees, carriers and shippers) require the Court to determine the relationship of UPS-SCS to Yotrio under the Forwarding Agreement, to determine the identities and duties of the shipper, carrier, and bailee as set forth in the Forwarding Agreement.

Finally, dismissal of the non-contract claims will allow them to be decided before the proper court without the risk of inconsistent verdicts and without creating inefficient, piecemeal resolution. For these reasons, the non-contract claims against UPS-SCS should be dismissed in favor of the selected forum.

///

### B.   YOTRIO HAS NOT PLEADED BREACH OF ANY DUTY OF GOOD FAITH AND FAIR DEALING.

In its second count, Yotrio claims that UPS-SCS breached a duty of good faith and fair dealing with Yotrio. Specifically, Yotrio pleads that "there existed between UPS and Yotrio an implied covenant that UPS would listen to Yotrio's concerns about the shipment of the goods and respond to – and address – those concerns." (Complaint, ¶ 23) This does not support a claim for relief because the Forwarding Agreement permitted UPS-SCS to facilitate the delivery of goods to LNT Merchandising Company, LLC ("LNT"),[3] and because Yotrio does not plead that UPS-SCS was required to do anything other than to "be responsive" to and address the concerns of Yotrio, which it did, within the limits of its authority.

1.   *The Forwarding Agreement Implies No Duty to Halt Shipments of Goods.*

A duty of good faith cannot contradict the terms of a contract. As the California appellate court observed in *Seth Dallob Enterps. v. Pomona Unified School Dist.*, 2008 WL 2807230 (Cal. App. July 22, 2008):

> Our Supreme Court has made clear that an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract. (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 374 (*Carma*) ["We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement"]; *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.* (2002) 100 Cal.App.4th 44, 55 (*Storek*) ["an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract"].) Correspondingly, it has been held that the implied covenant of good faith and fair dealing does not impose an affirmative duty on a party to refrain from enforcing rights expressly given under the contract. (*Storek*, at p. 56 & fn. 10; *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 479 ["The covenant of good faith and fair dealing ... does not impose any affirmative duty of moderation in the enforcement of legal rights" (citations omitted) ].)
>
> Moreover, the implied covenant cannot be used to limit or restrict an express grant of discretion to one of the contracting parties. (*New Hampshire Ins. Co. v. Ridout Roofing Co.* (1998) 68 Cal.App.4th 495, 504.) "[C]ourts are not at liberty to imply a covenant directly at odds with a contract's express grant of discretionary power except in those relatively rare instances when reading the provision literally would, contrary to the parties' clear intention, result in an

---

[3] At the time of Yotrio's request to stop any delivery of goods to LNT, UPS-SCS did not have any of Yotrio's goods in its possession. UPS-SCS's role was to consolidate Yotrio's goods in China and put them on a ship owned by a third-party carrier. Because these facts go to the merits of UPS-SCS's defenses, and not to Yotrio's pleadings, they are not belabored further here.

Page 7 – Case No.: 3:08-cv-02199-SI
UNITED PARCEL SERVICE, INC. AND UPS SUPPLY CHAIN SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE

unenforceable, illusory agreement." (*Third Story Music, Inc. v. Waits* (1995) 41 Cal.App.4th 798, 808.)

The same rule holds under New York law. *See Phoenix Capital Invs., LLC v. Ellington Mgt. Group, LLC*, 859 N.Y.S.2d 46, 48 (N.Y. App. 2008) ("We adhere to the well-established principle that the implied covenant of good faith and fair dealing will be enforced only to the extent it is consistent with the provisions of the contract.").

The Forwarding Agreement imposes only a duty upon UPS-SCS to consolidate cargo and place it on board a carrier (such as a shipping company). The agreement further provides,

> The responsibility and liability of UPS SCS for loss or damage to the cargo shall be limited to that period of time during which UPS SCS, its employees, agents or subcontractors have exclusive custody of the cargo. The shipper/exporter [Yotrio], consignee or other cargo owner agrees that, after the delivery by UPS SCS to a carrier or carrier's agent or servant, the sole responsibility and liability for the care, custody, carriage and delivery of the cargo shall be that of said carrier and not that of UPS SCS.

Complaint, Exhibit A. The "carrier" on Exhibit A to the Complaint is designated "Hyundai Commodore 166E." *Id.* Yotrio admits that the goods that form the basis of its complaint "were in-transit from China to LNT's distribution centers," and therefore had been delivered to the carrier. (Complaint, ¶ 4) Under the Forwarding Agreement, UPS-SCS had no liability for misdelivery (or, in this case, correct delivery) of the goods. Yotrio's claim of breach of implied warranty attempts to expand the liability provisions of the Forwarding Agreement, and this cannot be sustained as a matter of law.

2.  *UPS-SCS Breached No Duty Pleaded by Yotrio.*

Assuming, for sake of argument, that such an amorphous duty to Yotrio ever existed, notwithstanding the terms of the Forwarding Agreement, Yotrio never pleads that UPS-SCS failed to listen to Yotrio's concerns, address them or respond to them. Yotrio simply did not like the answer. UPS-SCS's actions were dictated by, among other things, (a) the fact that UPS-SCS did not have Yotrio's goods in its possession at the time Yotrio made its demands to stop shipment, and (b) the goods were property of a bankruptcy estate to which UPS-SCS had no right to exercise dominion under 11 U.S.C. § 362(a). As the Complaint is pleaded, the only duties UPS-SCS had to comply with were to listen and respond to Yotrio's concerns, which it

did. There is no basis for relief pleaded in count two.

### C. COUNT THREE SHOULD BE DISMISSED BECAUSE THERE IS NO "IMPLIED WARRANTY" UNDER THE FORWARDING AGREEMENT.

The third count is for breach of implied warranty. Although courts have implied warranties in certain specific contexts, such as an implied warranty of merchantability in sale of goods contracts, or implied warranty of habitability in sales of new homes, Yotrio cannot point to an implied warranty that would apply to a services contract like the Forwarding Agreement, or to the service relationship between Yotrio and UPS-SCS. Neither California nor New York courts recognize blanket implied warranties under services contracts. *See, e.g., City Serv. Contracting, Inc. v. Olsen Servs. Corp.*, 2002 WL 2027182 (Cal. App. Sept. 4, 2002) ("The court found warranty theories apply to the sale of goods, but not to the provision of services.... To the extent City Service failed to live up to its obligations, appellants' remedy was for breach of contract, period. The court properly granted City Service a nonsuit on the warranty claims."); *Town of Poughkeepsie v. Espie*, 840 N.Y.S.2d 600, 604 (N.Y. App. 2007) ("No warranty attaches to the performance of a service... If the service is performed negligently, the cause of action accruing is for that negligence. Likewise, if it constitutes a breach of contract, the action is for that breach.").

Yotrio claims that UPS-SCS (a) ignored Yotrio's instructions, (b) delivered the goods to LNT, and (c) failed to communicate with Yotrio. But these claims do not present the Court with grounds for relief through an implied warranty claim under either California or New York law because UPS-SCS made no implied warranties in these regards under either state's law, since general implied warranties do not apply to service contracts like the Forwarding Agreement. UPS-SCS's duties began and ended with those set forth in its contract.

### D. COUNT FOUR SHOULD BE DISMISSED BECAUSE UPS-SCS BREACHED NO LEGAL DUTY TO YOTRIO; UPS-SCS's LEGAL DUTIES WERE BOUND UP IN THE FORWARDING AGREEMENT.

The fourth count is for negligence. Here, Yotrio makes two allegations: (1) UPS-SCS "refus[ed] to stop delivery of Goods that were destined to LNT, which has declared bankruptcy," and (2) UPS-SCS "breached its duty by not being responsive to Yotrio's

concerns." (Complaint, ¶ 32) This count fails to state a claim for relief because (1) UPS-SCS had no common law legal duty to stop delivery of the goods to their final destination, given the express terms of the Forwarding Agreement, (2) UPS-SCS had no common law legal duty to be "responsive to Yotrio's concerns," as Yotrio alleges, and (3) UPS-SCS's actions were not due to a want of ordinary care; all actions taken by UPS-SCS were proper, and were consistent with the Forwarding Agreement and section 362(a)(3) of the Bankruptcy Code, 11 U.S.C. § 362(a)(3), which prohibits UPS-SCS from doing anything to exercise control over property of LNT's bankruptcy estate, which included the goods in question.[4]  In short, count four fails to state a claim for relief because UPS-SCS breached no duty.

### E. COUNT FIVE SHOULD BE DISMISSED BECAUSE YOTRIO HAS NOT PLEADED REASONABLE RELIANCE, IT HAS NOT PLEADED A MISREPRESENTATION OF FACT, AND IT HAD NOT PLEADED ITS CLAIMS WITH PARTICULARITY AS REQUIRED BY RULE 9(b).

The fifth claim is for negligent misrepresentation. Negligent misrepresentation requires (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages. *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986).

Yotrio has failed to plead two of the five elements. First, it has not pleaded that UPS-SCS misrepresented a past or existing material fact. Instead, it claims that "UPS represented to Yotrio that the shipment of the Goods could be halted," that "[UPS] would not ship Goods in a manner that would deprive Yotrio of its control over the Goods," and "that [UPS] would be responsive to issues raised by Yotrio with respect to the shipment of Goods." (Complaint, ¶ 36) Assuming for sake of argument that these allegations are true, as is required in a motion to dismiss, these are not past or existing material facts.

---

[4] This section broadly prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." As Yotrio pleaded in its Complaint, LNT filed a voluntary bankruptcy petition with the United States Bankruptcy Court for the District of Delaware on May 2, 2008. (Complaint, ¶ 6.)

Additionally, in count five Yotrio has not pleaded any reasonable reliance upon alleged representations by UPS-SCS. In paragraph 36 of the Complaint, Yotrio alleges that UPS-SCS made representations that the shipments would be halted. However, by the time Yotrio inquired about halting shipments of the Goods, it had already placed those Goods into the supply chain. In other words, Yotrio does not plead that it took any action *after* UPS-SCS's alleged misrepresentations were made.

Count five should also be dismissed because, as the Ninth Circuit has pointed out, misrepresentation claims must be pleaded with particularity. *See Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, 1999 WL 273241 (Table) (9th Cir. May 4, 1999) ("The district court also properly dismissed Ramirez' first and second counterclaims, for fraud and negligent misrepresentation respectively, because they did not comply with Federal Rule of Civil Procedure 9(b)'s particularity requirement. These counterclaims failed to specify the time and place of the alleged fraudulent statements, identify the specific persons who made the statements, and explain why the statements were false.") The Ninth Circuit similarly held in *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient."

In the present case, Yotrio has failed to plead (a) a particular representation of fact, (b) the time or place of the representation, or (c) the nature of the alleged misrepresentations, beyond general, conclusory allegations. Its misrepresentation claims fail to meet the requirements of Rule 9(b) and should be dismissed.

### F. COUNT SIX SHOULD BE DISMISSED BECAUSE YOTRIO HAS NOT PLEADED THAT IT TOOK ANY ACTION IN RELIANCE UPON ANY FALSE PROMISE OF UPS-SCS, AND BECAUSE YOTRIO FAILED TO PLEAD FALSE PROMISE WITH PARTICULARITY.

The sixth count is labeled "False Promise." "False Promise" is a variation on garden-variety misrepresentation. As one appellate court has held, "A false promise is actionable on the theory that a promise implies intention to perform, that intention to perform or not to perform is a state of mind, and that misrepresentation of such a state of mind is a

misrepresentation of fact. The allegation of a promise (which implies a representation of intention to perform) is the equivalent of the ordinary allegation of a representation of fact." *Sackett v. Wyatt*, 32 Cal.App.3d 592, 601 (Cal. App. 1973). A false promise will satisfy the element of misrepresentation, if made with the requisite knowledge and intent. *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991). "The essential allegations of an action for fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damage." *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz*, 57 Cal.App.3d 104, 109 (1976).

As previously discussed in relation to count five, claims of fraud are subject to the heightened pleading standard of Federal Rule 9(b). Count six makes the same factual allegations as in count five. For the same reasons, count six must be dismissed.

Moreover, count six must be dismissed because Yotrio has failed to plead, with particularity, a single act taken in reliance upon UPS-SCS's alleged promises. It alleges that UPS-SCS failed to stop shipment of the goods to LNT, and it implies that UPS-SCS promised to do so, but Yotrio did not, and cannot, point to a single act it took in reliance upon this alleged promise. The reasonable reliance element has not been pleaded. This claim should be dismissed.

G.  **COUNT SEVEN SHOULD BE DISMISSED BECAUSE YOTRIO HAD NOT PLEADED THAT A DOCUMENT OF TITLE HAD NOT BEEN ISSUED.**

Finally, count seven alleges a claim under section 2-705 of the Uniform Commercial Code, presumably as adopted in California as section 2705 of the California Commercial Code, although the Complaint is not clear. This section provides:

> (1) The seller may stop delivery of goods in the possession of a carrier or other bailee when he discovers the buyer to be insolvent (Section 2702) and may stop delivery of carload, truckload, planeload or larger shipments of express or freight when the buyer repudiates or fails to make a payment due before delivery or if for any other reason the seller has a right to withhold or reclaim the goods.
>
> (2) As against such buyer the seller may stop delivery until
>
> (a) Receipt of the goods by the buyer; or

      (b) Acknowledgment to the buyer by any bailee of the goods except a carrier that the bailee holds the goods for the buyer; or

      (c) Such acknowledgment to the buyer by a carrier by reshipment or as a warehouse; or

      (d) Negotiation to the buyer of any negotiable document of title covering the goods.

(3)(a) To stop delivery the seller must so notify as to enable the bailee by reasonable diligence to prevent delivery of the goods.

      (b) After such notification the bailee must hold and deliver the goods according to the directions of the seller but the seller is liable to the bailee for any ensuing charges or damages.

      (c) If a negotiable document of title has been issued for goods the bailee is not obliged to obey a notification to stop until surrender of possession or control of the document.

      (d) A carrier who has issued a nonnegotiable bill of lading is not obliged to obey a notification to stop received from a person other than the consignor.

In the present case, Yotrio has not pleaded a negotiable document of title (in this case, an express bill of lading) was issued as set forth in subsection (3)(c) of that statute, which negates any duty of a carrier to obey a notification to stop shipment where a negotiable bill of lading has been issued unless that document is surrendered back to Yotrio. UPS-SCS believes that Yotrio will be unable to replead to correct this defect, because upon information and belief, the carrier issued an Express (or Seaway) Bill of Lading for the goods, which bestowed title to the goods to LNT at the time the goods crossed the ship's rail in China, and this Bill of Lading was never surrendered.

Additionally, Yotrio has not pleaded that it notified UPS-SCS in time to stop delivery of all shipments described in the Complaint from being delivered to LNT through the exercise of reasonable diligence. UPS-SCS believes Yotrio cannot replead around this defect, because virtually all of the shipments described in the Complaint were in LNT's possession, custody or control before UPS-SCS received any indication from Yotrio that it did not wish LNT to obtain its goods.

///

///

### H. UPS SHOULD BE DISMISSED BECAUSE IT IS NOT THE PROPER PARTY TO THIS CASE.

In addition to the reasons to dismiss the case set forth as to UPS-SCS, UPS moves to dismiss because Yotrio has not pleaded that it had any relationship with UPS. Although Yotrio alleges in passing that UPS Supply Chain Solutions, Inc. is a "d/b/a" name for United Parcel Service, Inc., the two companies are separate legal entities, as the "Inc." designation on their respective names implies. The Forwarding Agreement attached to the Complaint is with UPS Supply Chain Solutions, Inc., not UPS, and UPS should dismissed from the case for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

## III. CONCLUSION

Based on the foregoing, defendants UPS-SCS and UPS respectfully request that all causes of action be dismissed.

Respectfully submitted,

Dated: August 20, 2008

DILLINGHAM & MURPHY, LLP
JACK C. HENNING
BARBARA L. HARRIS CHIANG

KING & SPALDING LLP
JONATHAN W. JORDAN

By: /s/_____
Attorneys for Defendants
UNITED PARCEL SERVICE, INC. and
UPS SUPPLY CHAIN SOLUTIONS, INC.