1  DILLINGHAM & MURPHY, LLP
   JACK C. HENNING (SBN 139659)
2  BARBARA L. HARRIS CHIANG (SBN 206892)
   225 Bush Street, 6th Floor
3  San Francisco, California 94104
   Telephone:   (415) 397-2700
4  Facsimile:   (415) 397-3300
   Email: jch@dillinghammurphy.com
5         bhc@dillinghammurphy.com

6  KING & SPALDING LLP
   JONATHAN W. JORDAN (Georgia SBN 404874, *Pro Hac Vice* Pending)
7  1180 Peachtree Street
   Atlanta, Georgia 30309
8  Telephone:   (404) 572-4600
   Facsimile:   (404) 572-5129
9  Email: JJordan@KLSAW.com

10    Attorneys for Defendants
      UNITED PARCEL SERVICE, INC. and
11    UPS SUPPLY CHAIN SOLUTIONS, INC.

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14 | YOTRIO INTERNATIONAL, LLC,         | Case No.: 3:08-cv-02199-SI
15 |          Plaintiff,                 | UNITED PARCEL SERVICE, INC. AND
                                         | UPS SUPPLY CHAIN SOLUTIONS,
16 |    v.                               | INC.'S INITIAL CASE MANAGEMENT
                                         | CONFERENCE STATEMENT
17 | LNT MERCHANDISING COMPANY, LLC,
   | dba LINEN N' THINGS, INC., UNITED   | Date:       August 22, 2008
18 | PARCEL SERVICE, INC. dba SUPPLY     | Time:       2:00 p.m.
   | CHAIN SOLUTIONS, INC., and DOES 1   | Courtroom:  10
19 | through 50, inclusive,              | The Hon. Susan Illston
20 |          Defendants.

21
        Pursuant to Local Rule 16-9(a), Defendants UPS SUPPLY CHAIN SOLUTIONS, INC.
22
   ("UPS-SCS") and UNITED PARCEL SERVICE, INC. ("UPS") (collectively "Defendants")
23
   hereby submit the following Initial Separate Case Management Conference Statement:
24
                              PRELIMINARY STATEMENT
25
        Defendants only were served with process two weeks ago and just made their first
26
   appearance this week by means of a motion to dismiss. Furthermore, plaintiff Yotrio did not
27
   provide notice of this Case Management Conference, which was discovered after Defendants'
28

Page 1 – Case No.: 3:08-cv-02199-SI
UNITED PARCEL SERVICE, INC. AND UPS SUPPLY CHAIN SOLUTIONS, INC.'S INITIAL CMC
STATEMENT

counsel reviewed the court file. For these reasons, Defendants' investigation is just beginning in this case. Defendants have done their best to provide meaningful information in this statement, but information regarding the case is limited at this time.

1.  **Jurisdiction and Service**: *Does the Court have subject matter jurisdiction over all of the plaintiff's claim(s) and defendant's counter-claim(s)? What is the basis of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?*

Yotrio's initial complaint was filed in state court. The complaint apparently was served on defendant LNT Merchandising Company ("LNT"), but never was served on UPS-SCS and UPS. LNT subsequently removed the case to federal court, but then declared bankruptcy. Yotrio filed a first amended complaint, which recently was served on UPS-SCS and UPS. Defendants are unaware of any parties remaining to be served.

Defendants have filed a Rule 12(b)(3) and 12(b)(6) motion to dismiss, which is schedule for hearing on October 10, 2008. The motion, in part, argues that the action should be dismissed because the contract at issue contains a forum selection clause designating the United States District Court for the southern District of New York as the proper forum.

2.  **Facts**: *What are the factual and legal basis for plaintiff's claim(s) and defendant's defense(s)? Defendant's counter-claim(s) and plaintiff's defense(s)? Defendant's counter-claim(s) and plaintiff's defenses(s) to the counterclaim(s)?*

This is a breach of contact lawsuit against UPS-SCS. The non-contact claims are all variations on the same breach of contact allegation and require interpretation of the contact to resolve. Yotrio alleges that it entered into a series of contacts with UPS-SCS. The contacts required UPS-SCS to consolidate Yotrio's goods in China and put them on a ship owned by a third-party carrier for delivery of the goods to LNT. LNT allegedly failed to pay for some of the goods, and Yotrio then requested that UPS-SCS stop any delivery of goods to LNT.

UPS alleges that it had no contractual or other relationship with Yotrio and should be dismissed from the case.

Because UPS-SCS's time to answer has not expired, UPS-SCS is still investigating its defenses. At a minimum, UPS-SCS believes it has valid defenses under 11 U.S.C. § 362(a), contractual limitations of liability, which incorporate the Carriage of Goods at Sea Act, and

1  other defenses including failure to mitigate.

2      3.    <u>Legal Issues</u>: *What are the factual and legal issues genuinely in dispute?*

3      At this early stage in the litigation, UPS-SCS is still determining which factual and legal

4  issues are genuinely in dispute.

5      4.    <u>Motions</u>: *What are the issues that can be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?*

7      At this early stage in the litigation, UPS-SCS has not determined what issues can be

8  narrowed by agreement. At this stage, UPS-SCS believes that this case can be appropriately

9  decided on its motion to dismiss.

10      5.    <u>Anticipated Motions</u>: *What are the motions anticipated by the parties?*

11      Defendants filed a motion to dismiss on August 20, 2008. Defendants anticipate that

12  they will file a motion for summary judgment, depending on the outcome of the motion to

13  dismiss.

14      6.    <u>Relief Sought</u>: *What relief does plaintiff seek? What is the amount of damage(s) sought by plaintiff's claim(s)? What is the amount of damage(s) sought by defendant's counterclaim(s)? How are damages computed?*

16      Yotrio is in a better position to respond to the questions pertaining to relief sought and

17  the claimed amount of damage. At the time of Yotrio's request to stop any delivery of goods to

18  LNT, UPS-SCS did not have any of Yotrio's goods in its possession. UPS-SCS and UPS have

19  not currently filed any counterclaims.

20      7.    <u>Discovery</u>: *What discovery does each party intend to pursue? Can discovery be limited in any manner? Are there any alternative methods available to obtain the necessary information? Should a discovery order and conferences be entered pursuant to Fed.R.Civ.P 26(f)?*

23      At this early stage in the litigation, UPS-SCS does not know what discovery it will need

24  to pursue.

25      8.    <u>ADR</u>: *Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial? Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?*

27      UPS-SCS has not determined whether this case is suitable for binding arbitration. UPS-

28  SCS believes this case does not necessarily require a Special Master or Magistrate Judge. UPS-

1  SCS believes this case is not suitable for reference to the Multidistrict Litigation Panel.

2      9.    Trial: *Will this case be tried by a jury? What is the anticipated length of trial? Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence? Is it feasible and desirable to bifurcate issues for trial?*

UPS-SCS does not have a concrete estimate of the length of time needed to try this case, but believes that such a trial would not take much time.

10.    Related Cases: *Any related cases or proceedings pending before other Judges of this Court?*

Defendants are unaware of any related cases.

11.    Class Action: *If a class action, a proposal for how and when the class will be certified.*

Not applicable.

12.    Scheduling: *What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?*

*Defendants were served with process only two weeks ago and therefore are not yet in a position to respond to this question, which can be better addressed after the motion to dismiss hearing in October.*

13.    Settlement and ADR: *What are the prospects for settlement? Does any party wish to have a settlement conference with another Judge or Magistrate Judge? How can settlement efforts be assisted?*

No ADR has taken place as of the time of the filing of this statement.

14.    Miscellaneous: *Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.*

Not applicable.

                                  Respectfully submitted,

Dated: August 21, 2008            DILLINGHAM & MURPHY, LLP
                                  JACK C. HENNING
                                  BARBARA L. HARRIS CHIANG

                                  KING & SPALDING LLP
                                  JONATHAN W. JORDAN

                            By:   /s/
                                  _____
                                  Attorneys for Defendants
                                  UNITED PARCEL SERVICE, INC. and
                                  UPS SUPPLY CHAIN SOLUTIONS, INC.