<div style="text-align: left; font-weight: bold;">United States District Court<br/>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTRIO INTERNATIONAL, LLC, | No. C 08-2199 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT UPS' MOTION TO DISMISS FOR IMPROPER VENUE; DISMISSAL EFFECTIVE NOVEMBER 24, 2008 UNLESS EITHER PARTY REQUESTS TRANSFER NO LATER THAN NOVEMBER 21, 2008** |
| v. | |
| LNT MERCHANDISING CO, LLC, *et al.*, | |
| Defendants. / | |

Defendant United Parcel Service, Inc., dba Supply Chain Solutions, Inc. has filed a motion to dismiss for improper venue and for failure to state a claim. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the November 7, 2008 hearing. The Court also VACATES the November 7, 2008 case management conference.

**BACKGROUND**

On April 25, 2008, plaintiff Yotrio International, LLC filed this action in the Superior Court for the County of Alameda. The original complaint named LNT Merchandising Company, LLC dba Linen N' Things, Inc. ("LNT"), and United Parcel Service, Inc., dba UPS Supply Chain Solutions, Inc. ("UPS") as defendants, although the three claims in the complaint were alleged solely against LNT. The complaint alleged that LNT purchased goods from Yotrio, Yotrio shipped the goods to LNT, and LNT had breached its contracts with Yotrio by failing to pay for the goods.

On April 28, 2008, LNT filed a notice of removal in this Court. LNT's notice of removal stated that it had not been served with the lawsuit at the time of filing the notice of removal, and that to its

knowledge, no other defendants had been served.[1]  On May 2, 2008, LNT filed a notice stating that on that date LNT had filed for bankruptcy.

On August 2, 2008, plaintiff filed a first amended complaint ("FAC") naming LNT and UPS as defendants, but alleging seven claims only against UPS.[2]  The FAC alleges that on April 29, 2008, after plaintiff filed this action in state court, plaintiff obtained a Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction against UPS enjoining UPS from "transferring any inventory UPS has received from YOTRIO . . . to LNT, pending trial in this action."  FAC ¶ 3, Ex. B.  Plaintiff alleges that it sent notice of the TRO to UPS in a letter dated April 29, 2008, and on April 30, 2008, mailed a copy of the summons and complaint to UPS's attorney in Georgia.  *Id.* ¶ 5, Ex. C & D.  The FAC alleges that "[d]espite Yotrio's instructions to UPS to stop shipment of the Goods, UPS has been uncooperative.  Plaintiff Yotrio is informed and believes that UPS has delivered the Goods to LNT."  *Id.* ¶ 9.

The complaint alleges that the shipments were made pursuant to an agreement with UPS titled "FORWARDER'S CARGO RECEIPT: TERMS AND CONDITIONS FOR CONSOLIDATION AND/OR RECEIPT" ("Forwarding Agreement"), and plaintiff's first claim is one for breach of that contract.  *Id.* ¶¶ 2, 16-21.[3]  The agreement is attached to the FAC as Exhibit A.  Paragraph 9 of the agreement states:

> This Agreement shall be governed by the federal law of the United States, or, if federal law is not applicable, by the law of the State of New York, notwithstanding that law's choice of law rules: and all claims or disputes or questions arising from this Agreement, including those related to limitation of liability, shall be determined in the United States District Court for the Southern District of New York, which shall have exclusive jurisdiction over all disputes arising from this agreement to the exclusion of the jurisdiction of any and all other courts.  If the United States District Court for the Southern District of New York does not have subject matter jurisdiction over the dispute,

---

[1] LNT stated that it obtained a copy of the complaint from the Superior Court's website.  Notice of Removal ¶ 3.

[2] The amended complaint states that LNT filed for bankruptcy and that "[t]his case will now proceed against UPS."  FAC ¶ 7.  According to UPS, LNT appeared at the August 22, 2008 initial case management conference and informed the Court that because of its bankruptcy and because the FAC contains no charging allegations against it, LNT is not a party to this case.

[3] The FAC also alleges claims for breach of implied covenant of good faith and fair dealing; breach of implied warranty; negligence; negligent misrepresentation; fraud – false promise; and breach of U.C.C. § 2-705.

2

the dispute will be determined in a New York State court within the Borough of Manhattan, County of New York. All claims hereunder must be filed against UPS SCS, care of UPS Supply Chain Solutions, 12380 Morris Road, Alpharetta, Georgia 30005, Attention: Claims Department. Service of process for suits must be filed against UPS SCS, care of CT Corporation Systems at the below address. They will be deemed filed when they are received by CT Corporation systems at the following address: CT Corporation Systems, 111 Eighth Avenue, New York, New York, 10011.

*Id*. Ex. A ¶ 9. On August 20, 2008, UPS filed a motion to dismiss for improper venue based upon this forum selection clause, or alternatively to dismiss the complaint for failure to state a claim.

## LEGAL STANDARD

Federal law governs the enforceability of forum selection clauses in diversity actions. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Motions to dismiss based on a forum selection clause are treated as a Rule 12(b)(3) motion to dismiss for improper venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The pleadings need not be accepted as true and the Court may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998) and *Argueta*, 87 F.3d at 324). Forum selection clauses are *prima facie* valid and should not be set aside unless the party challenging their enforcement can show that they are unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005) ("[W]e presume that the shareholder agreement's forum selection clause is *prima facie* valid and enforceable unless the Hendricks can show that enforcement would be "'unreasonable' under the circumstances.").

## DISCUSSION

Defendant moves to dismiss this lawsuit pursuant to the forum selection clause of the Forwarding Agreement, which specifies that the United States District Court for the Southern District of New York "shall have exclusive jurisdiction over all disputes arising from [the Forwarding Agreement]." FAC, Ex. A ¶ 9. Plaintiff argues that the forum selection clause is a "bad faith tactic" because defendant has not responded to plaintiff's discovery, and because defendant's agent for service of process did not initially accept service. Plaintiff devotes an inordinate amount of its opposition

papers to detailing its efforts to propound discovery and serve defendant. However, in addition to being factually disputed by defendant, neither of these issues is relevant to determining whether the forum selection clause is unreasonable.[4]

"A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court,'; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325 (internal citations omitted). Plaintiff does not contend that the forum selection clause is invalid based on any of these grounds, nor has plaintiff shown in any way "that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Id.* (internal quotation and citation omitted).

Plaintiff also contends that even if the forum selection clause is valid, that clause only applies to plaintiff's breach of contract claim. "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). In *Manetti-Farrow*, the plaintiff alleged that "Gucci Parfums instituted a price squeeze by raising prices substantially above what it charged other customers, that Gucci America fraudulently obtained Manetti-Farrow's customer lists and business information to solicit Manetti-Farrow's customers, that Gucci Parfums wrongfully neglected delivery orders, and that Gucci Parfums wrongfully abrogated the contract." *Id.* The Ninth Circuit held that "each of these claims relates in some way to rights and duties enumerated in the exclusive dealership contract," and thus that they were all covered by the forum selection clause.

Here, as in *Manetti-Farrow*, plaintiff's non-contract claims all relate in some way to the rights and duties set forth in the Forwarding Agreement. For example, plaintiff's claim for breach of implied

---

[4] Plaintiff also suggests that defendant is precluded from moving to dismiss based on the forum selection clause because "this case was removed from Alameda County Superior Court when UPS had notice of the proceedings . . . and UPS decided to do nothing." Opposition at 17. As a factual matter, the Court finds that there is no support for plaintiff's assertion that UPS was served with the state court complaint prior to removal, and indeed LNT's notice of removal states that to its knowledge, UPS had not been served at the time of the removal. Further, the Court rejects plaintiff's argument that a defendant may not seek to enforce a forum selection clause in a case removed from state court. *See Premier Jets, Inc. v. Honeywell Int'l Inc.*, 2008 WL 1840753, at *3 (D. Or. Apr. 21, 2008).

4

covenant of good faith and fair dealing alleges that UPS was required to be "responsive to Yotrio's concerns about the delivery of the Goods" and that "it is reasonable that UPS be required to receive instructions to stop the delivery of the Goods, and to advise Yotrio of the status of the shipped Goods," FAC ¶ 23, while plaintiff's negligence claim alleges that "UPS breached its duty of care by refusing to stop delivery of Goods that were destined to LNT . . . [and] by not being responsive to Yotrio's concerns about the shipment of the Goods." *Id.* ¶ 32. These claims cannot adjudicated without analyzing UPS's obligations under the Forwarding Agreement.

Because the Court concludes that the forum selection clause is enforceable, the Court GRANTS defendant's motion to dismiss for improper venue and does not address the parties' arguments regarding whether plaintiff has stated a claim against defendant.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for improper venue. (Docket No. 30). The Court notes that neither party has requested that this action be transferred to the United States District Court for the Southern District of New York in lieu of dismissal. <u>The dismissal will become effective November 24, 2008, unless either party requests no later than November 21, 2008, that this action be transferred</u>.

**IT IS SO ORDERED.**

Dated: November 3, 2008

SUSAN ILLSTON
United States District Judge